Lionel GREEN *v.* STATE of Arkansas

634 S.W.2d 140

Supreme Court of Arkansas
Opinion delivered June 7, 1982

314

Appellant, *pro se.*

*Steve Clark*, Atty. Gen., by: *Alice Ann Burns*, Asst. Atty. Gen., for appellee.

PER CURIAM. Appellant Lionel Green, acting pro se, has filed a motion for belated appeal. His attorney Julius Kearney filed a motion for belated appeal in the case which was denied on May 10, 1982. In his motion appellant also asks this Court to declare him indigent and grant him permission to proceed pro se on appeal.

The appellant alleges that within 30 days of the date of his conviction, he informed his attorney that he wished to appeal. In his affidavit in response to appellant's motion, the attorney admits that he received a letter from the appellant expressing his desire to appeal. Instead of filing a notice of appeal, he asked the trial court to relieve him as counsel and declare the appellant indigent. The trial court has not acted on the motion. Appellant subsequently filed an untimely pro se notice of appeal.

Arkansas Rules of Criminal Procedure, Rule 36.26, provides that trial counsel, whether retained or appointed, shall continue legal representation of a criminal defendant until permitted to withdraw by the trial court or this Court. Counsel has shown no good cause for his failure to continue in his representation of the appellant. Although he avers that he attempted to explain to the appellant "how to get into court" and states that the appellant knew how to prepare legal documents from his previous incarceration, he does not demonstrate that he took any affirmative steps to see that the appellant understood the process whereby the appeal could be perfected. See *Houston* v. *State*, 263 Ark. 607, 566 S.W.2d 403 (1978).

This Court will accept an appeal in a criminal case where to do otherwise would deprive the appellant of the constitutional right to effective assistance of counsel. *Moore v. State*, 268 Ark. 191, 609 S.W.2d 894 (1980). Since we find that the attorney did not act to protect his client's right to appeal, and has shown no good cause for his failure to do so, we must grant the appellant's pro se motion for belated appeal. A copy of this opinion will be forwarded to the Committee on Professional Conduct. See our Per Curiam opinion relating to belated appeals dated February 5, 1979.

Appellant's request to be declared indigent is denied without prejudice as he has provided no proof of indigency. Appellant's motion to proceed pro se cannot be granted until such time as he has provided this Court with an affidavit in accordance with Supreme Court Rule 8 (d), Ark. Stat. Ann. Vol. 3A (Supp. 1981), stating that he knowingly and intelligently waives the right to the services of an attorney on appeal. He should be aware that if he insists on proceeding pro se, he will be required to fully comply with the rules of this Court, including the requirement that all abstracts and briefs be printed or typed. If appellant cannot comply with the rules of this Court, he should so state and counsel will be appointed to represent him.

Motion for belated appeal granted.