Jerry OSBOURNE *v.* STATE of Arkansas

CR 80-154                                        637 S.W.2d 535

Supreme Court of Arkansas
Opinion delivered July 6, 1982

*William McArthur,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

PER CURIAM. Appellant was convicted in White County Circuit Court of three felonies and judgment was entered on July 25, 1979. Notice of appeal was filed September 28, 1979, by the trial attorney, Bob Scott. On December 18, 1979, the trial court granted an extension of time until February 20, 1980, within which to file the transcript and record with this court. Apparently, Bob Scott did not notify appellant as to the time when the transcript was due nor did he take any action to perfect the appeal. For all intents and purposes, he seems to have unilaterally withdrawn from the case. On April 10, 1981, a hearing was conducted in the White County Circuit Court in which the court ruled that appellant was inadequately represented on his appeal. The trial court then granted appellant the right to file a belated appeal.

Rule 11 (h), Rules of the Supreme Court of Arkansas, places certain duties upon the trial attorney if he intends to withdraw from the case. We considered this matter in the case of *Finnie* v. *State,* 265 Ark. 941, 582 S.W.2d 19 (1979), and held that Rule 36.9, Rules of Criminal Procedure, allows the supreme court to act upon and decide a case in which neither the notice of appeal was timely given nor the transcript timely filed. In *Finnie* we held that it was the duty of the trial attorney to obtain permission from the trial court to withdraw from the case and the petition to withdraw should contain a statement of the reasons therefor. Also, we held that a copy of the request for withdrawal, if granted, should be sent to the appellant. Rule 36.9 provides that the supreme court may act upon and decide a case in which the notice of appeal was not given or the transcript untimely filed when a good reason for the omission was shown by affidavit. In the present case no good reason was shown by trial counsel. However, we think the motion for a belated

appeal was properly granted by the trial court because the trial attorney, Bob Scott, had apparently abandoned his client and left him without an appeal being perfected.

Under the circumstances of this case we think the belated appeal should be granted and we concur with the decision of the trial court to allow an appeal to be filed. A copy of this per curiam will be furnished to the Committee on Professional Conduct.

ADKISSON, C.J., and HICKMAN, J., dissent.