George LEWIS *v.* STATE of Arkansas

649 S.W.2d 188

Supreme Court of Arkansas
Opinion delivered April 25, 1983

Appellant, *pro se.*

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

PER CURIAM. Petitioner George Lewis was convicted of aggravated robbery on July 15, 1982. No appeal was taken. Petitioner now contends that he wanted to appeal, but his retained counsel Ronald Griggs said it would cost $1,000.00 and did not advise him that he could appeal as an indigent. Mr. Griggs has filed an affidavit in response to petitioner's motion, stating that he told petitioner that an appeal might be successful but expensive. He says that he heard no more from petitioner after telling him that the "costs alone" of an appeal would be about $1,000.00. Petitioner alleges that he did not know that an appeal was available to an indigent person until he talked to other prison inmates after the time for filing a notice of appeal had passed.

Criminal Procedure Rule 36.26 provides:

Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause.

It is apparent from the attorney's affidavit in this case that he neither withdrew from the case in accordance with Rule 36.26 nor took any action to see that his client understood

that an indigent could ask the trial court to appoint an attorney to perfect an appeal at public expense. Since counsel knew that his client wanted to appeal, he was obligated to file a notice of appeal or obtain permission from the trial court to withdraw. To do nothing amounted to a denial of effective assistance of counsel. *Finnie* v. *State,* 265 Ark. 941, 582 S.W.2d 19 (1979). If petitioner could not afford the cost of appeal, a motion for permission to proceed as an indigent should have been filed in the trial court. An attorney cannot abandon a convicted defendant merely because his appeal must be pursued at public expense. An attorney who wishes to withdraw from a case must obtain permission from the trial court to withdraw by means of a petition to withdraw containing a statement of reasons for withdrawing. A copy of the request for withdrawal, if granted, should be sent to appellant. *Osbourne* v. *State,* 276 Ark. 479, 637 S.W.2d 535 (1982); *Green* v. *State,* 276 Ark. 313, 634 S.W.2d 140 (1982); *Finnie, supra.*

Since he has never been relieved as counsel, Mr. Griggs remains attorney of record. Petitioner has provided this Court with an affidavit attesting to his indigency and is eligible to have counsel appointed. Therefore, petitioner's motion for belated appeal is granted and Ronald Griggs is appointed counsel on appeal. A writ of certiorari shall be issued to prepare the record.

Motion granted.