Johnny Lee NELSON *v.* STATE of Arkansas

651 S.W.2d 98

Supreme Court of Arkansas
Opinion delivered May 31, 1983

Appellant, *pro se.*

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

PER CURIAM. Johnny Lee Nelson was convicted of burglary and misdemeanor theft of property on March 12, 1982. He alleges in his motion for belated appeal that retained counsel Edwin Keaton filed a notice of appeal but did not pursue the appeal after that point. He states that he tried to contact counsel but could not reach him. He asks that Keaton be relieved as counsel, but he does not request appointment of other counsel.

When appellant filed this motion, a copy of it was sent to Mr. Keaton with the request that he respond to the motion by affidavit. He has not done so; therefore, we have no choice. but to accept appellant's claim that counsel abandoned his client despite the fact that appellant wanted to continue the appeal.

Rule 36.26 of the Arkansas Rules of Criminal Procedure provides:

Trial counsel, whether retained or court appointed, shall continue to represent a convicted

defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause.

The method for taking the appeal is set out in Rule 36.9. In the case at bar, the attorney Keaton was not relieved as counsel by the trial court before he filed the notice of appeal. Once the notice of appeal was filed, he was obligated to obtain permission from this Court to withdraw in accordance with Supreme Court Rule 11 (h). *Ellis* v. *State,* 279 Ark. 430, 652 S.W.2d 35 (1982). Rule 11 (h) in pertinent part states:

> Any motion by counsel for a defendant in a criminal case for permission to withdraw made after the notice of appeal has been given shall be addressed to this Court, shall contain a statement of the reasons for the request, and shall be served upon the defendant appealing.

Counsel, whether retained or appointed, cannot file the notice of appeal and sit idle. When a person convicted of a crime desires to appeal, his constitutional right to effective assistance of counsel is denied where counsel fails to pursue the appeal. See *Finnie* v. *State,* 265 Ark. 941, 582 S.W.2d 19 (1979); *Harkness* v. *State,* 264 Ark. 561, 572 S.W.2d 835 (1978).

In light of his failure to follow the procedure prescribed for withdrawal from a case, Keaton remains the attorney of record. See *Surridge* v. *State,* 276 Ark. 596, 637 S.W.2d 597 (1982). He is therefore responsible for the duties imposed on him by the rules, statutes and opinions of this Court. We decline to grant appellant's request that Mr. Keaton be relieved as counsel. As retained counsel, Mr. Keaton shall be required to either properly petition this court for permission to withdraw within thirty days or file within thirty days a motion for rule on the clerk asking for permission to file the record on appeal. Failure to act will be considered a serious breach of professional duty.

A copy of this opinion shall be forwarded to the Committee on Professional Conduct.

Motion granted.