Roy Chester HENDERSON *v.* STATE of Arkansas

CR 83-118                                    663 S.W.2d 734

Supreme Court of Arkansas
Opinion delivered February 6, 1984

*Ray Hartenstein,* for petitioner.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Dep. Atty. Gen., for respondent.

JOHN I. PURTLE, Justice. This appeal is from the trial court's denial of petitioner's Rule 37 petition alleging ineffective assistance of counsel. On appeal it is argued that the trial court erred in denying the relief sought because the evidence clearly revealed petitioner had been denied effective assistance of counsel in matters relating to the appeal of his conviction. We cannot uphold this argument and the decision of the trial court is affirmed.

The facts of the case disclose that petitioner was tried by a jury and convicted of aggravated robbery on May 4, 1982. He was given a sentence of 40 years imprisonment. At the trial he was represented by retained counsel. On the same day, shortly after his jury trial, petitioner pled guilty to another charge of aggravated robbery for which he received a 40 year concurrent sentence. In addition he pled guilty to a third felony and was sentenced to a term of 10 years which was consecutive to the two 40 year sentences.

The evidence is in conflict as to what happened after the sentencing on May 4, 1982. The petitioner and his sister and mother indicate he notified his attorney of his desire to appeal the jury conviction. Petitioner was held at the Columbia County jail for two weeks before being transferred to the Department of Corrections. After his arrival at the prison he wrote several letters to his attorney but no notice of appeal was given within the time required by law. Wayne Jewell, of El Dorado, Arkansas, petitioner's attorney at the trial, unequivocally testified that he was not requested by the petitioner to give notice of appeal. The record of the sentencing proceeding clearly indicates the right of appeal was explained by the trial court. We have here a case of credibility of the witnesses. The trial court had the right to

resolve the issue of credibility against petitioner. Certainly the attorney's testimony that he was never notified of the desire to appeal until after the time had expired is substantial evidence.

This matter was before us in *Henderson* v. *State,* 278 Ark. 107, 643 S.W.2d 541 (1982) when we issued a per curiam directing the trial court to hold a hearing to determine whether petitioner was informed of his right to appeal and whether he waived his right to appeal. The trial court found that he was informed and that he waived. There is substantial evidence to support the findings of the trial court. A convicted defendant may waive his right of appeal. *Munn* v. *State,* 278 Ark. 283, 644 S.W.2d 945 (1983). In the present case we affirm the trial court's finding that the right of appeal was waived by the petitioner.

Affirmed.