Sherman GUY *v.* STATE of Arkansas

CR 84-4 668 S.W.2d 952

Supreme Court of Arkansas
Opinion delivered May 21, 1984

*John W. Settle*, for appellant.

*Steve Clark*, Atty. Gen., by: *Marci L. Talbot*, Asst. Atty. Gen., for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellant, Sherman Guy, brings this appeal from an order of the Sebastian County Circuit Court denying him post-conviction relief pursuant to Ark. R. Crim. P. 37. On May 7, 1980, a jury found appellant guilty of promoting prostitution and being a felon in possession of a firearm. Appellant was sentenced to two years for promoting prostitution, which was suspended, and two and one half years for being a felon in possession of a firearm. No appeal was taken from this verdict. On September 8, 1983, the trial court held a hearing on and denied appellant's petition for post-conviction relief

alleging ineffective assistance of counsel. On appeal we affirm.

On December 14, 1979, Bettye Faye Lewis, a nineteen year old prostitute was arrested. She admitted to the arresting officers that she was in Fort Smith for the purpose of prostitution and agreed to leave. The officers took her to the motel where she shared a room registered in her name with appellant in order to get her clothing. There, the officers saw in plain view an open briefcase containing, among other things, a .25 caliber pistol. At trial testimony was admitted that the briefcase and gun belonged to appellant, that she was "turning tricks" for appellant, and that she was scared of appellant.

Appellant argues that his counsel was ineffective in omitting to submit a motion for discovery but fails to show how he was prejudiced by the omission. The mere allegation of ineffective assistance of counsel due to failure to make a motion absent a showing of prejudice is insufficient to establish ineffective assistance of counsel. Appellant must show he was prejudiced by the conduct of his counsel and that the prejudice was such that he failed to receive a fair trial. *Blackmon* v. *State,* 274 Ark. 202, 623 S.W.2d 184 (1981).

Appellant next argues that his counsel was ineffective because he did not file a motion for severance of offenses, alleging that he was "absolutely entitled" to such a severance. Appellant is mistaken. A defendant has a right to severance "whenever two (2) or more offenses have been joined for trial *solely* on the ground that they are of the same or similar character." [emphasis added] Ark. R. Crim. P. 22.2. Here the question of severance was discretionary since the offense of possession of a firearm could not have been proven without introducing evidence of the offense of promoting prostitution. *Ruiz & Denton* v. *State,* 273 Ark. 94, 617 S.W.2d 6 (1981). Also, some consideration may be given to the fact that the proof of both offenses, one for promoting prostitution and one for possession of a firearm by a felon, rested primarily on the testimony of one witness, the prostitute. *Henry* v. *State,* 278 Ark. 478, 647 S.W.2d 419 (1983).

Appellant then argues that the fact that his counsel did not file a motion to suppress the firearm constituted ineffective assistance of counsel. The firearm was found in plain view in an open briefcase belonging to appellant in a room registered to the prostitute who was sharing the room with appellant. Under these circumstances defense counsel cannot be said to be ineffective for not filing a motion to suppress.

Appellant further points to his counsel's failure to move for directed verdict. We have previously held that where there is a question of fact, that fact must go to the jury and to take the question away from the jury by granting a motion for directed verdict would be error. *Harris* v. *State,* 262 Ark. 680, 561 S.W.2d 69 (1978). Appellant may not challenge the sufficiency of the evidence on which he was convicted by pointing to his counsel's failure to move for directed verdict. Challenges to the sufficiency of the evidence are a direct attack on the conviction which must be made on direct appeal. As such, the issue is not cognizable under Rule 37. *McCroskey* v. *State,* 278 Ark. 156, 644 S.W.2d 271 (1983).

For this last point appellant contends that his counsel was ineffective because he did not appeal the case. The record reflects that the attorney in question specifically testified at the Rule 37 hearing that he was not asked to file an appeal. Under these circumstances, we cannot say the finding of the trial court was clearly against the preponderance of the evidence.

Appellant concedes that "perhaps a failure on one area would not justify post-conviction relief" but goes on to argue that we should examine the cumulative effect of his counsel's omissions. We have previously refused to recognize cumulative error in allegations of ineffective assistance of counsel. *Henderson* v. *State,* 281 Ark. 306, 663 S.W.2d 734 (1984).

A presumption exists that counsel is competent. *Thomas* v. *State,* 277 Ark. 74, 639 S.W.2d 353 (1982). To overcome that presumption, appellant must show by clear and convincing evidence that he suffered prejudice by the

representation of counsel and the prejudice was such that he did not receive a fair trial. *Blackmon* v. *State,* 274 Ark. 202, 623 S.W.2d 184 (1981). On appeal we will reverse the trial court's denial of post-conviction relief only if its findings are clearly against the preponderance of the evidence. *Thomas* v. *State,* supra. Here we cannot say the findings of the trial court are clearly against the preponderance of the evidence.

Affirmed.

GEORGE ROSE SMITH and DUDLEY, JJ., concur in the results because appellant has served his sentence and the appeal is moot.

PURTLE and HOLLINGSWORTH, JJ., dissent.

P. A. HOLLINGSWORTH, Justice, dissenting. The appellant has finished serving his sentence and has been released. Therefore, his petition for post-conviction relief has been rendered moot. However, I feel that as a matter of principle, I must dissent to the majority opinion anyway because I am in complete disagreement with virtually every aspect of that opinion.

The appellant's first point on appeal is that his counsel was ineffective in omitting to submit a motion for discovery. The apellant's attorney testified that his client was "rather a slow person" — so slow in fact that his affairs were taken care of by his brother and mother because "Sherman was never one to pick out a course of action." In response to the question, "Was Sherman incompetent?" the attorney replied, "The only indication I had of that was he had had a bicycle wreck when he was a child and split his head open and his mother revered [sic] that when they closed it back up they left some cinders in it." The attorney then stated that he thought the appellant was capable of standing trial although he had "a bit of difficulty" discussing the case with him and Sherman "was just not able to help me in formulation of a defense." In spite of these problems, the attorney never had Sherman examined for competency, which in my opinion, was error. The majority states that Sherman was not prejudiced such that he did not receive

a fair trial. If the defendant would have been found incompetent to stand trial, then obviously he was prejudiced.

The second point addressed by the majority concerns the attorney's failure to file a motion for severance of the offenses. The majority states that "the question of severance was discretionary since the offense of possession of a firearm could not have been proven without introducing evidence of the offense of promoting prostitution." This is clearly erroneous. To prove that the appellant was in possession of a firearm, the State had to prove that he was a felon and that he possessed a firearm. Neither of those factors have any bearing on whether or not the appellant was promoting prostitution. The fact that the State would need the testimony of the same witness, the prostitute, to prove both charges, is irrelevant. First of all, the prostitute did not appear at the trial anyway, so all that we are really talking about is introducing the transcript of her previous testimony at two different trials. In the second place, a defendant has a right to severance under **A.R.Cr.P.** Rule 22.2 whenever:

> two (2) or more offenses have been joined for trial solely on the ground that they are of the same or similar character and they are not part of a single scheme or plan . . .

> (b)  The court . . . shall grant a severance of offenses: (i) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; . . .

Here, severance of the offenses was necessary in my opinion because the two offenses were not part of a single scheme to promote a fair determination of the defendant's guilt. By *not* severing the offenses, the State placed before the jury evidence that the appellant is a convicted felon. Such evidence is necessary to prove the charge of possession of a firearm. It is not necessary to establish the promotion of prostitution and was highly prejudicial. The attorney erred by not filing a motion to sever.

The appellant's next point is that his counsel failed to file a motion to suppress the firearm. The majority states that "[T]he firearm was found in plain view in an open briefcase belonging to appellant in a room registered to the prostitute who was sharing the room with appellant." The only evidence that the briefcase belonged to the appellant and that he was sharing a room with the prostitute was the prostitute's testimony. The arresting officer never saw the appellant in the room; the officer testified that he was outside the room when he saw him. Another officer testified that there were three black males outside the room and the appellant was one of them. The desk clerk allegedly told the officer that a black male was staying in the room with the prostitute. The clerk never identified the appellant as that black male. And finally, among the items seized that were found in the briefcase was a woman's billfold. The self-interest motivating the prostitute to testify that the briefcase and the gun belonged to the appellant is obvious. With that as the only evidence of ownership, appellant's attorney should have filed a motion to suppress the gun.

The attorney also failed to move for a directed verdict. The appellant was convicted of promoting prostitution in the first degree. The elements of that crime are as follows:

(1) A person commits the offense of promoting prostitution in the first degree if he knowingly: (a) advances prostitution by compelling a person by physical force or intimidation to engage in prostitution, or profits from such coercive conduct of another; . . .

Therefore, a necessary element of the crime — and one alleged by the State in the information — is the use of physical force or intimidation. The prostitute's testimony as to this point was as follows:

Q: Did he ever threaten you if you didn't [work the streets]?

A: Not really threaten, no.

Q:   Okay. Did he ever use any physical force against you?

A:   Oh, no.

Q:   Did he ever slap you around?

A:   No.

Q:   Did you feel in any way intimidated, had you not gone out and committed these acts of prostitution?

A:   Yeah, kinda.

Q:   Why?

A:   I don't know. I guess I was just scared of him.

Q:   Okay.

A:   I don't know.

. . .

Q:   Well, you started dating Sherman, is that correct?

A:   Yeah.

. . .

Q:   Did you have a relationship with anybody else?

A:   No.

. . .

Q:   Okay. Sherman was not your pimp, was he? He was your boy friend?

A:   Not really a pimp, no.

. . .

Q:   Okay. Did you have a feeling for Sherman?

A:   Yeah.

Q: Do you still?

A: Yeah.

Since the testimony quoted above was the only evidence offered of force or of intimidation, a motion for directed verdict would have been appropriate for the appellant's attorney to make. The weak aspects of the State's case as to the ownership of the gun, a necessary element for the other charge, have already been discussed.

The appellant's final point is that his counsel failed to appeal his case. The majority states that the attorney specifically testified that he was not asked to file an appeal. The attorney testified that he had no conversations with the appellant concerning his appeal; he only discussed it with appellant's family. The reason given for this was because, in his experience Sherman "would do what his brother Eddie told him to do and what his mother told him to do, and anything that I had done previously always had to be done through them." Although the attorney says he testified that he cannot recall whether he ever talked to the appellant after he was convicted, he does remember visiting with the appellant's mother about an appeal. The attorney stated that the mother was not willing to pay for an appeal. The attorney also testified that the appellant's family knows about the public defender's office and about appeals. He could not remember ever explaining that to the appellant however. The appellant's mother denied telling the attorney that she did not want to appeal. The appellant, in his testimony, stated that he told his attorney he wanted to appeal while they were in the courtroom and again when he was sent upstairs and again two days later. The appellant said his attorney said he would need some more money and that he would file the appeal. The appellant stated he heard nothing further about the appeal and assumed it had been filed. The attorney does not remember if he ever filed a motion to withdraw from the case, but none was ever granted. Trial counsel must continue to represent a convicted defendant throughout any state appeal unless permitted to withdraw from the case. A.R. Cr. P. 36.26. We have held that "[A]n attorney cannot abandon a convicted

defendant merely because his appeal must be pursued at public expense. An attorney who wishes to withdraw from a case must obtain permission from the trial court to withdraw . . ." *Lewis* v. *State*, 279 Ark. 143, 649 S.W.2d 188 (1983). There was quite a bit of testimony about the animosity between the appellant and his attorney over fees. The attorney testified that before the trial, his client, his mother and brother failed to pay the fee. The attorney then stated:

> I do know that I went to trial in an embittered and a hostile environment with the family, . . . In the couple of days just preceding the trial it became painfully evident that I would not be paid, and I would still be compelled to go to trial . . . And I do recall that I bit the bullet, as they say. I had a responsibility to go to trial and I did that, even though I felt that I had been hoodwinked to do that.

When asked if he had filed a motion to suppress the firearm, the attorney replied: "Well, sir, I can't recall if I made any effort. If there is not the motion filed, I have not done it, and I think the reason was the animosity and the problems in working with the family." The attorney maintained however that none of this animosity affected his professional judgment. He also denied that the failure of the family to pay him was why he did not appeal the case. The facts seem to indicate otherwise, however, and I feel that the attorney definitely erred by not filing a notice of appeal, a motion to withdraw, and turning the case over to the public defender's office. I cannot condone such conduct nor join an opinion which tacitly approves of these actions. I propose no relief for the appellant only because the issue is moot.

PURTLE, J., joins in this dissent.