Kerry HICKS *v.* STATE of Arkansas

CR 85-214 709 S.W.2d 87

Supreme Court of Arkansas
Opinion delivered May 19, 1986
[Rehearing denied June 23, 1986.*]

---

* Purtle, J., would grant.

84

*Morgan E. Welch*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Kerry Hicks was convicted of the attempted rape of a ten year old girl. The jury sentenced him to 30 years imprisonment. During an extensive hearing on Hicks' motion for a new trial, the trial judge heard arguments about the alternative sentencing program, the Youthful Offender Act and possible expungement proceedings. The trial judge decided that Hicks did not deserve a maximum sentence but did deserve imprisonment. Hicks was sentenced to 30 years with nine years suspended as a youthful offender pursuant to Act 378 of 1975. He filed a petition for postconviction relief on April 29, 1984. After a hearing, the trial judge denied any relief. It is from that denial this appeal is taken.

Two arguments are raised on appeal: (1) that counsel's ineffectiveness at trial deprived Hicks of a fair trial, and (2) that the sentence should be reduced or a remedy fashioned to conform to the sentencing judge's real intentions. The main argument below was that the sentence should be reduced or a remedy fashioned under Rule 37.4 so Hicks can be released.

The ineffective assistance of counsel argument contains the usual allegations of inadequacy: the failure to prepare and investigate the case, the inaccessibility of the attorney, failure to call witnesses, failure to challenge a biased juror, failure to object to the prosecutor's remarks, failure to prepare for the hearing on the motion for a new trial, and failure to pursue an appeal. We will first consider the last allegation.

It was apparently the judgment of counsel that because Hicks was sentenced as a youthful offender, he would be released

in time to attend college in the fall, some eight months later, and certainly before an appeal could be decided. So an appeal was not pursued. While both Hicks and his mother testified they wanted to appeal, admittedly they relied on counsel's judgment and did not insist on an appeal. No evidence was offered that counsel was directed to file an appeal.

As it turns out Hicks was not released early. He claims he has not been released because he is stigmatized for the nature of his crime. No attempt was sought by Hicks to seek a belated appeal in accordance with A.R.Cr.P. Rule 36.9. Instead he sought relief under Rule 37. The requirements imposed on counsel after a notice of appeal is filed are not present in this case. *Nelson* v. *State*, 279 Ark. 362, 651 S.W.2d 98 (1983); *Lewis* v. *State*, 279 Ark. 143, 649 S.W.2d 188 (1983); *Surridge* v. *State*, 276 Ark. 596, 637 S.W.2d 597 (1982).

 The other arguments regarding counsel's efforts are questions regarding strategy, tactics and judgment. We must bear in mind the standard for ineffective assistance of counsel set by the United States Supreme Court in *Strickland* v. *Washington*, 466 U.S. 668 (1984). A defendant must show that counsel's performance is so deficient and the errors made by counsel so serious that the Sixth Amendment to the Constitution is violated and that a defendant is deprived of a fair trial. To show a denial of a fair trial, prejudice must be shown. The defendant must show that there is a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different. We adopted that standard in *Crockett* v. *State*, 282 Ark. 582, 669 S.W.2d 896 (1984). It is the defendant's burden to prove ineffective assistance of counsel and it is a heavy burden because counsel is presumed effective. *Rightmire* v. *State*, 275 Ark. 24, 627 S.W.2d 10 (1982).

Perhaps the most difficult case for counsel to defend is a molestation charge involving a minor. Hicks' counsel was faced with this task, and he decided the best defense was mental disease or defect. Counsel proved that Hicks was depressed because of his father's death and earlier had attempted suicide. Prior to the rape attempt, Hicks had taken an overdose of medication. The doctor testified that such an overdose could cause a person to go "out of his head." Hicks testified that he could not remember what

happened after he took the medicine. He was found several days later in the woods.

■■ Hicks argues that more testimony should have been given about his troubled emotional background. He lists seven witnesses that should have been called or more extensively questioned: his brother who is a child abuse investigator/foster care case worker; a psychologist who treated him when he was 16 years old; two counselors at the Hope Mental Health Center; a psychologist who was treating Hicks at the time of the trial; and someone from the state hospital. The transcript of the trial was introduced into evidence at the Rule 37 hearing. There was considerable testimony regarding the mental condition of Hicks. The defense called Hicks' mother and uncle, the psychologist who treated Hicks when he was ten years old, the psychologist treating Hicks at the present time, a psychologist from the state hospital, and Hicks himself. Counsel must use his own best judgment to determine which witnesses will be beneficial to his client. *Tackett v. State*, 284 Ark. 211, 680 S.W.2d 696 (1984); *Hayes v. State*, 280 Ark. 509, 660 S.W.2d 648 (1983). The extent to which a witness is questioned is a matter of trial tactics and does not justify Rule 37 relief. *Hayes v. State, supra.*

■ It is argued that a juror, a former deputy sheriff should have been challenged because he admitted having arrested Hicks' brother. The trial judge inquired and decided the juror could serve without bias. Hicks has not proved bias or actual prejudice arose from his attorney's failure to challenge this juror. *Isom v. State*, 284 Ark. 426, 682 S.W.2d 755 (1985). The same is true regarding the remarks made by the prosecuting attorney, which Hicks also argues were objectionable. Although the motion for a new trial was denied, the sentence was reduced due to counsel's efforts. Hicks now argues that his counsel failed to prepare for the hearing by not filing a brief with the motion or calling witnesses at the hearing. *Hayes v. State, supra.*

■ In summary, Hicks' arguments second guess the strategy and judgment of trial counsel. We have repeatedly held that such arguments are not the basis for reversal. *Tackett v. State, supra. Knappenberger v. State*, 283 Ark. 210, 672 S.W.2d 54 (1984). Hicks has demonstrated no prejudice that denied him a fair trial.

The second argument is somewhat unique. That argument is the sentencing judge did not intend for Hicks to receive the sentence that he did. The record clearly demonstrates otherwise. The original judge did not dispute that Hicks received the sentence he intended to impose; he merely indicated that if he were the sitting judge he might grant the relief sought, i.e. release Hicks. That is not to say that the judge's subjective intent would be binding in any event. He did intend to reduce the sentence imposed and did so by nine years. He intended to give Hicks the benefit of treatment under the Youthful Offender Act which he did. Under that act Hicks was eligible for parole immediately pursuant to the rules and procedures of the State Board of Pardons and Paroles. Ark. Stat. Ann. § 43-2342(c)(ii) (Supp. 1985).

Our standard of review on appeal is to determine if the judge's findings were clearly wrong. *Campbell* v. *State*, 283 Ark. 12, 670 S.W.2d 800 (1984). That we cannot say and affirm the trial court.

Affirmed.

PURTLE, J., not participating.