Randolph J. GROVER *v.* STATE of Arkansas

CR 86-192                                726 S.W.2d 268

Supreme Court of Arkansas
Opinion delivered March 23, 1987

*Tim R. Morris,* for appellant.

*Steve Clark,* Att'y Gen., by: *Mary Beth Sudduth,* Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. On August 8, 1986, the trial court denied appellant's petition for Rule 37 relief. For his appeal the appellant contends: (1) that trial counsel was ineffective; (2) that the trial court erred in failing to determine the factual basis for his guilty plea and (3) that the guilty plea was not knowingly and intelligently entered. We find no prejudicial error and affirm.

An amended information charging the appellant with aggravated robbery, attempted rape, kidnapping, and burglary was filed on September 9, 1983. Public Defender Don Huffman was appointed to defend the charges. During the time he represented the appellant the trial attorney was handling about 260 felony defense cases annually. The defense counsel visited the appellant 16 times prior to the plea and an associate visited the appellant three additional times.

Counsel requested a psychiatric evaluation of the appellant and the court granted this request. No mental disease or defect defense was found. A motion to suppress the defendant's 30 page statement and other evidence was filed. Trial counsel tried to get the charges of attempted rape and kidnapping dismissed. He succeeded in preventing the state from videotaping the victim's deposition.

The defense counsel explained to appellant that the victim's testimony alone could convict him of any or all of the charges. He also explained the minimum and maximum penalties. The maximum sentence the appellant could have received at a jury trial would have been life plus 70 years. The lowest possible sentence for all charges would have been 22 years. The defense

counsel was made aware that the victim and the appellant were acquainted with each other and that she had made a positive identification of the appellant as the person who committed the crimes.

After the plea and sentence the appellant and his trial counsel learned that two policemen had entered his residence without having a valid warrant or consent to search. Entry was by permission of the landlord. There is no evidence that anything was photographed, examined or seized during entry. Other officers subsequently searched the premises with the consent of appellant's roommate. A consent to search form was signed by the appellant which authorized the officers to search his car.

The trial court conducted a thorough and complete hearing on the Rule 37 petition. The court's findings of fact and conclusions of law are complete and supported by the record. In this case there was full compliance with the requirements and intent of A.R.Cr.P. Rule 37.3.

First we consider the argument that defense counsel was ineffective. From the facts cited above it is abundantly clear that although the initial search was undiscovered, defense counsel did a commendable job. Appellant furnished details of the crime and all other information that a competent defense counsel would need to intelligently defend or plead his client. Counsel hypothetically placed his client in the trial judge's chair and as a member of the jury. After counsel presented known evidence to the appellant, the plea was entered. Such actions by counsel appear to be a good tactic for defense to employ.

Appellant has the heavy burden of showing that his trial counsel was ineffective. *Crockett* v. *State*, 282 Ark. 582, 669 S.W.2d 896 (1984). The appellant has failed to show that his counsel was ineffective pursuant to the first prong of the *Strickland* test. We have been cited to no action or inaction by trial counsel which remotely resembles ineffectiveness.

We now turn our attention to the matter of two officers entering the appellant's motel room with the consent of the landlord. A landlord does not have the right to consent to a search of his tenant's house or apartment. *Chapman* v. *United States*, 365 U.S. 610 (1961). There is no evidence that this illegal entry

resulted in, or in any manner contributed to, the subsequent searches and arrest. One of the officers who made the illegal entry testified at the Rule 37 hearing that they were only looking for the appellant and paid no attention to anything else. This same officer testified that a deputy prosecutor told him not to reveal the surreptitious entry. The prosecutor denied making this statement at the Rule 37 hearing. Although it has no bearing on the outcome of this case, either the officer or deputy made a grievous mistake.

Based upon his testimony at the Rule 37 hearing, it does not appear that counsel would probably have proceeded any differently had he known of the prior entry. The most that he might have done would have been to request a suppression hearing before entry of the plea. The results probably would have been the same. There was no prejudice shown by the wrongful intrusion of the two officers. Had such entry been the basis of a subsequent search warrant or arrest, the results might have been different.

The appellant's arguments of illegal arrest and search and seizure violations are matters which would have been proper for consideration at trial or on direct appeal. However, appellant waived such arguments when he entered a guilty plea. *Zoller* v. *State*, 282 Ark. 380, 669 S.W.2d 434 (1984).

We next address the court's failure to make a factual determination as required by A.R.Cr.P. Rule 24. At a Rule 37 hearing such facts may be proven to have existed at the time of the guilty plea. *Deason* v. *State*, 263 Ark. 56, 562 S.W.2d 79 (1978). Since the factual basis was established at his Rule 37 hearing, the appellant has not been prejudiced.

The third point for reversal concerns the allegation that the state failed to provide exculpatory evidence. This argument is based upon the unauthorized and undisclosed entry into the appellant's residence by the two officers without a warrant or consent. There is no question that the prosecution must, upon timely request, provide any exculpatory evidence to the accused. *Brady* v. *Maryland*, 373 U.S. 83 (1963). However, we find nothing exculpatory about the illegal entry of the officers since they gained no evidence or information by such unlawful act.

At the hearing on the Rule 37 petition, the trial counsel

could not say with certainty that even with hindsight he would have handled the case any differently. We are not unmindful of the holding in *Kimmelman* v. *Morrison*, 106 S.Ct. 2571 (1986), that a failure to make a timely motion to suppress may result in a finding that trial counsel was ineffective. However, the illegal entry did not produce anything, inculpatory or exculpatory. We do not mean to imply that courts condone such surreptitious activity. We do not.

The appellant has failed to show by clear and convincing evidence that he suffered prejudice as a result of any action by defense counsel. The appellant must meet this burden in order to obtain a new trial. *Guy* v. *State*, 282 Ark. 424, 668 S.W.2d 952 (1984). Any failure by the trial court to obtain a factual basis for the guilty plea has been cured by the appellant's testimony at the hearing. Finally, as stated earlier, we cannot find evidence that the state failed to provide exculpatory evidence.

Affirmed.