Henry GUNN, Jr. *v.* STATE of Arkansas

CR 86-194                                          752 S.W.2d 263

Supreme Court of Arkansas
Opinion delivered June 20, 1988

*Marjorie M. Keel*, Lonoke County Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *C. Kent Jolliff*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant was convicted by a jury of second degree murder and sentenced to twenty years imprisonment. The Arkansas Court of Appeals, in an unpublished opinion, *Gunn v. State*, CA CR 85-29 (August 28, 1985), affirmed the appellant's conviction. Pursuant to A.R.Cr.P. Rule 37, appellant filed a petition for post-conviction relief in this court, asserting a multitude of allegations regarding ineffective assistance of counsel. We granted appellant permission to petition in circuit court for an evidentiary hearing, limited to the issue of whether the prosecutor had entered the jury room, during the jury's delibera-

tions, to tell the jury about the parole system; and, if so, whether he suffered prejudice from his counsel's failure to request a mistrial. *Gunn* v. *State*, 291 Ark. 548, 726 S.W.2d 278 (1987).

On September 21, 1987, the trial court held that the testimony elicited at the hearing clearly reflected that neither the prosecuting attorney nor his staff had entered the jury room. In this appeal, appellant does not question the trial court's finding regarding the prosecutor. Instead, he now argues that error resulted at trial because the trial judge had communicated with the jurors during their deliberations, which violated Ark. Code Ann. § 16-89-125(e) (1987) and contravened this court's holding in *Tarry* v. *State*, 289 Ark. 193, 710 S.W.2d 202 (1986). We affirm.

In *Madewell* v. *State*, 290 Ark. 580, 720 S.W.2d 913 (1986), we held that all grounds for relief pursuant to Rule 37 must be asserted in the original or amended petition. *See* A.R.Cr.P. Rule 37.2(b) and (e). Accordingly, we consider only those allegations of ineffective assistance of counsel which the appellant raised in his petition and which we granted permission to consider. *Fink* v. *State*, 280 Ark. 281, 658 S.W.2d 359 (1983). Here, appellant alleged in his original petition that his counsel was ineffective because he failed to object or argue at trial and on appeal that the prosecutor entered into the jury room and made remarks to the jurors concerning the parole system. Nowhere in his thirty-five page petition did appellant allege any misconduct by the trial judge. On remand of this matter for an evidentiary hearing concerning the prosecutor's alleged misconduct, the trial court heard and considered additional testimony regarding what misconduct, if any, the trial judge may have committed during the jury's deliberations.[1]

Suffice it to say, based upon the appellant's original

---

[1] The trial court held a second hearing after some jurors testified at an initial hearing that either the bailiff or trial judge had entered the jury room and had responded to a question posed by the jury regarding what punishment could be given the appellant. The state actually subpoenaed the jurors, and no objection or mention of A.R.E. Rule 606(b) was interposed. We need not detail the sometimes vague testimony given by the jurors in their attempt to recall what had occurred three years ago during jury deliberations except to say that no vagueness or dispute existed concerning the prosecutor. All agreed that neither the prosecutor nor his deputy spoke to the jury during its deliberations.

petition, we remanded this matter for an evidentiary hearing regarding the prosecutor's, not the trial judge's, alleged misconduct. The appellant may not employ such a hearing to develop other grounds for relief to those originally pled in his Rule 37 petition. In this appeal, appellant alleges and argues for the first time that error obtained as a result of the trial judge's misconduct, therefore, we do not consider that issue.

■ Even if we reached the merits of appellant's new allegation, we still would deny his request for post-conviction relief. A review of the testimony of the jurors reflects that even if the judge had gone into the jury room to answer a question, no information of substance was relayed to the jury. *See Howard* v. *State*, 291 Ark. 633, 727 S.W.2d 830 (1987). The three jurors who recollected that the judge came into the jury room said that the judge stated either he could not answer their question concerning possible sentencing or he remarked the choices in sentencing were those given them in the jury instructions. The foreman testified that the judge gave them an answer and stated that he could not deliberate on either side—"He could not deliberate on anything that would be according to the jury to do." Based upon the record before us, we are unable to hold that the outcome of the appellant's trial was affected by his counsel's failure to request a mistrial.

We affirm.

PURTLE and NEWBERN, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. I am unable to understand the reason or logic of the majority opinion. The appellant's petition for Rule 37 relief was based upon the appellant's belief that either the prosecutor or his deputy had entered the jury room during the jury's deliberations. Our Per Curiam of March 23, 1987, granted the appellant an evidentiary hearing because this case was a "glaring example of an occasion when an evidentiary hearing is necessary." The Per Curiam granted the appellant a hearing on his petition for the purpose of determining "whether the prosecutor entered the jury room." Hearings were held in the circuit court on June 22, 1987, and September 11, 1987.

The circuit court denied relief basically because the court determined that it was the trial judge who entered the jury room

rather than the prosecutor. No doubt the prosecutor and his deputy had made some investigation into the allegations prior to the hearing on June 22, 1987. The petition had been pending in the circuit court for several months prior to the hearing. Nine of the jurors testified at the hearing and all of them exonerated the prosecutor and his deputy. We do not know how the absent jurors would have testified. Several jurors testified that persons other than the prosecutor or his deputy entered the jury room during the deliberations. In fact, it was determined at these hearings that the jury deliberated for awhile in the court room and then moved into the regular jury room. Some of the testimony of those jurors who did testify indicated the jury deliberations had been tainted by at least the appearance of impropriety.

Juror Johnnie Kinley stated:

> We had a question about something and Garland Bain [circuit clerk] came back. We had a question that had something to do with the punishment. I do not remember who answered the question. We asked Mr. Bain could we put life without parole and he said he did not know. He came and asked someone and he came back and said no, we could not do that, it would have to go to the high court.

The testimony of Juror William Taylor was as follows:

> I do not recall either the prosecutor, his deputy, or any of his staff going into the jury room when we deliberated. The court man came in. We sent for him. He came in there to answer some questions. He stuck his head in at the door and that was it. It was the judge. He didn't have a robe on. I would know him if I'd see him.

Juror Betty Winn testified:

> The Judge, I believe his name was Spence, went into the room during deliberations. I could identify him if I saw him. (At this time Mr. Garland Bain was brought back into the courtroom.) That is not the man who came in the jury room during deliberations. The man who entered the jury room was a silver-haired guy. He was the judge during the trial. He didn't have his robe on when he came into the jury room. We asked him if we could sentence him without parole and he told us that we couldn't. We had the choices

that were there that was given to us. We deliberated in this courtroom for a few minutes because the other room had something going on in it.

Juror Okie Bryant stated:

I believe that Mr. Bain came in because we had some questions for the judge. He went to the judge and got the information and came back. I know Mr. Bain.

Juror Althena Lingo stated:

The older man out in the hall, I think he is the Court Clerk, entered the jury room. I think the Judge came in to answer a question for the jury as we were deliberating.

All the jurors indicated that someone had entered the jury room during the deliberations and some of the jurors indicated a discussion had taken place with a non-juror concerning parole eligibility. This gave the appearance of impropriety even though whoever entered the jury room may have done so with utmost sincerity. Since the record is inadequate, we are unable to determine who entered the jury room and what exactly was discussed.

I realize this case was tried before we rendered the opinion in *Tarry* v. *State*, 289 Ark. 193, 710 S.W.2d 202 (1986). I presume that trial courts are now making a record of all the proceedings which occur during the trial, including any discussions between the jury and others.

In *Tarry* we stated:

[W]e must infer that the judge went back into the jury room and answered the questions in some fashion; we do not know exactly how. The procedure was improper and must be deemed prejudicial to the defendant.

The same reasoning should apply in the present case. The appellant named the wrong person as the one who entered the jury room because he was not acquainted with prosecutor and judge.

He should not be penalized for this mistake and we should consider the matter on its merits. This court today holds that the appellant wasn't prejudiced merely because he was mistaken as to the identity of the person who entered the jury room. That distinction is not just splitting hairs; it is irrelevant.

NEWBERN, J., joins in this dissent.