Aubrey Dean ELWOOD *v.* STATE of Arkansas

CR 88-42                                759 S.W.2d 557

Supreme Court of Arkansas
Opinion delivered November 14, 1988

*Richard L. Hughes*, for appellant.

*Steve Clark*, Att'y Gen., by: *David B. Eberhard*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Aubrey Dean Elwood, appeals from denial of post-conviction relief. He contends a condition of his plea of guilty to theft was that his sentence

would be served concurrently with any sentence he received on charges pending in Oklahoma. The trial court agreed with that condition but notified Elwood that it had no control over what the Oklahoma court might do. Apparently the Oklahoma court chose not to proceed against Elwood, and he is serving his Arkansas prison sentence in Arkansas rather than in Oklahoma as he had hoped to do. He filed a pro se petition to withdraw his plea of guilty. The court found it lacked jurisdiction to set aside a plea already executed, but the petition was treated as one seeking relief under Ark. R. Crim. P. 37. We affirm the denial of the petition.

At the hearing where Elwood pleaded guilty to theft charges with respect to which the available sentence was enhanced by the habitual criminal law, the following occurred:

> MR. STEEL [the prosecutor]: Your honor, it will be the recommendation of the State that the defendant be sentenced to twenty (20) years in the Arkansas Department of Correction, with five (5) of those years suspended, and that the fifteen (15) years run concurrently with other convictions or charges pending in Oklahoma, wherein they expect to have a comparable amount of time, or in excess of that, is that right?
>
> THE DEFENDANT: Yes sir.
>
> THE COURT: What do you have pending over there?
>
> THE DEFENDANT: Felonious possession of a firearm, possession of a firearm after one conviction, five-year parole violation, unauthorized use of a motor vehicle.
>
> THE COURT: We can run them concurrently, but when you plead over there, if they say theirs is consecutive, it could cause some problems, do you understand that?
>
> THE DEFENDANT: Yes sir. I'm pretty sure they'll run theirs all . . . .
>
> THE COURT: . . . at the same time?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Well, I'm just putting you on advi[c]e that if you go to prison and they run theirs consecutively, there

is nothing I can do about it. They probably won't, but they could. What the prosecutor stated, is that your understanding of what you and your attorney had plea bargained for?

THE DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with it?

THE DEFENDANT: Yes, sir.

THE COURT: I'm going to accept your guilty plea. I'm going to sentence you to twenty (20) years in the Arkansas Department of Correction with five (5) years suspended, and to run concurrent with your Oklahoma sentences.

MR. STEEL: Judge, I wonder, if things don't work out over there, and we need to get him back to serve his time in Arkansas, we'll have him sign a Waiver of Extradition Form, would that be the proper form?

THE COURT: Yes, I think so.

MR. BARTON [Elwood's counsel]: Your Honor, there's no problem, however, he would like to sign an extradition to go to Oklahoma.

THE COURT: Well, I imagine they would take him over there, probably immediately.

■ While everyone at the hearing might have presumed that the Oklahoma authorities would take Elwood, and that he would begin serving a sentence in Oklahoma and his concurrent Arkansas sentence right away, Elwood clearly was placed on notice that it might not work out that way. The court made it clear to him that all it could do was make his Arkansas sentence concurrent with any he might thereafter serve in Oklahoma but that that did not necessarily mean Oklahoma authorities would cooperate. The Arkansas sentence was precisely in compliance with the plea bargain, and Elwood's point that he was to serve his time in Oklahoma is without merit. His reliance on *Mabry* v. *Johnson*, 467 U.S. 504 (1984), is misplaced. There it was said, but not held, that when the prosecution breaches its promise made in exchange for the plea, the plea cannot stand. *See Santobello* v. *New York*, 404 U.S. 257 (1971). Here, the state has

breached no promise.

Elwood also argues ineffective assistance of counsel and that he did not understand "the real substance of the court's inquiry" at the plea hearing. These points were not raised at the hearing before the circuit court, thus we will not consider them. *Snelgrove* v. *State*, 292 Ark. 116, 728 S.W.2d 497 (1987); *Wiser* v. *State*, 256 Ark. 921, 511 S.W.2d 178 (1974).

Affirmed.