Donald MOBBS *v.* STATE of Arkansas

CR 90-34                                                       821 S.W.2d 769

Supreme Court of Arkansas
Opinion delivered December 23, 1991

506

*Scott Manatt* and *Jerry Kelly*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The appellant Donald Mobbs appeals from his conviction on six counts of incest, which resulted in consecutive sentences of ten years on each count, for a total of sixty years, and a fine of $30,000. He further appeals from the circuit court's denial of his petition for post-conviction relief under Ark. R. Crim. P. 36.4, which was then in effect, on grounds of ineffective assistance of counsel.[1] We affirm his conviction and the denial of his Rule 36.4 petition.

The facts are these. On January 2, 1989, Sergeant Sherman Malcomb of the Cabot Police Department was informed by a teenage girl that she had been forced by the appellant to engage in various sexual acts with him. The girl also stated that she witnessed the appellant's teenage stepdaughter performing sexual acts with Mobbs and another man. These acts were photographed and videotaped by the appellant, according to the girl. The police questioned the stepdaughter, who made a statement that Mobbs had taken the photographs. The police were further informed that two Polaroid cameras and a camcorder were located at Mobbs's residence, along with films, tapes, and photographs of sexual acts. As a result of this interview, the officers obtained and executed a search warrant of Mobbs's premises.

The Cabot police officers in conjunction with the Lonoke County Sheriff's department seized various articles from the premises under the warrant on January 2, 1989. Wilma Mobbs,

---

[1] Ark. R. Crim. P. 36.4 was effective from July 1, 1989, to January 1, 1991. It was repealed and Ark. R. Crim. P. 37 was reinstated by Per Curiam order. *In the Matter of the Reinstatement of Rule 37 of the Arkansas Rules of Criminal Procedure*, 303 Ark. 746, 797 S.W.2d 458 (1990).

the appellant's wife and the girl's natural mother, was asked by Sheriff J.O. Isaac to notify the authorities if she found anything else. Five days later, Mrs. Mobbs discovered additional items in a tackle box in a storage shed, including multiple photographs of her daughter engaged in sexual acts with Mobbs. She reported her find to the sheriff who took custody of them.

On January 24, 1989, the prosecutor filed an information charging Mobbs with three counts of rape and three counts of promoting an obscene performance. A substituted information was filed on June 27, 1989, the day before trial, charging the appellant with six counts of incest from the summer of 1987 to January 2, 1989, under Ark. Code Ann. § 5-26-202 (1987), and three counts of promoting an obscene performance. The incest counts were severed and tried separately on June 28, 1989, and the conviction resulted.

The judgment and conviction order was not entered until July 18, 1989. On July 26, 1989, Mobbs's trial attorney filed a notice of direct appeal. On July 29, 1989, Mobbs, in his own hand, wrote a letter to the circuit court clerk alleging ineffective trial counsel on various grounds and asking for appointment of new counsel and declaration of a "mistrial." The request was filed, but no action was taken on the request.

We considered the appeal and the Rule 36.4 petition in 1990 and remanded the matter for the circuit court's consideration of Mobbs's post-conviction request for relief. See Mobbs v. State, 303 Ark. 98, 792 S.W.2d 601 (1990). New counsel was appointed and a hearing was held on September 11, 1990, at the conclusion of which the circuit court denied Mobbs's petition and found that effective assistance of counsel had been provided. We now consider both the direct appeal and the denial of Rule 36.4 relief.

## I. Post-Conviction Relief

Mobbs raises numerous points in support of his claim of ineffective counsel, but does not argue them all in his brief. We will consider only those points where argument is made.

■ The burden of proving ineffective assistance of counsel is heavy because counsel is presumed to have rendered effective assistance. Hicks v. State, 289 Ark. 83, 709 S.W.2d 87 (1986). In order to show ineffective counsel, Mobbs must meet the criteria

set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

The appellant must further show that there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt. *See Mays* v. *State*, 303 Ark. 505, 798 S.W.2d 75 (1990), quoting *Sutherland* v. *State*, 299 Ark. 86, 771 S.W.2d 264 (1989).

Mobbs first alleges ineffectiveness in the trial counsel's failure to request a continuance when the information was amended the day before trial. The amendment was substantial: the first information had charged the appellant with rape over a three-month period; the amended information charged six counts of incest over an eighteen-month peroid. Mobbs, however, failed to raise continuance as a ground for relief in his letter-petition. Nor did his newly appointed counsel do so at the hearing. Since the issue was not raised below, we will not consider it. *See Elwood* v. *State*, 297 Ark. 101, 759 S.W.2d 557 (1988); *Gunn* v. *State*, 296 Ark. 105, 752 S.W.2d 263 (1988).

We similarly answer Mobbs's claims that trial counsel was ineffective in failing to object to the admission of seventeen photographs depicting nudity and various sexual acts with the stepdaughter and in failing to object to a single instruction to the jury containing multiple counts of incest. The points were not raised below in the petition or at the hearing and, hence, were not preserved for appeal.

The appellant does contend that his trial counsel failed to renew a motion for directed verdict at the close of all evidence. He did not mention this in his letter-petition, but his new counsel raised the issue at the hearing. The prosecuting attorney stipulated at the hearing that the second motion was made. Regardless

of whether it was or not, failure to renew this motion is not grounds for post-conviction relief. *See Philyaw v. State*, 292 Ark. 24, 728 S.W.2d 150 (1987); *Guy v. State*, 282 Ark. 424, 668 S.W.2d 952 (1984). We further hold, as discussed below, that the evidence for conviction was sufficient. Accordingly, it would have been error for the circuit court to have removed the fact questions from the jury's consideration by a directed verdict. *Id.* Moreover, we are cognizant of the fact that the evidence against Mobbs was extensive in this case. In sum, prejudice to Mobbs was lacking.

■ Other points raised for relief are either without merit or were not argued to the circuit court. We note in particular Mobbs's point that trial counsel's cross-examination of the stepdaughter and his wife lacked vigor. The extent of vigor employed in the cross-examination of a state's witness is a matter of trial strategy and is not justification for relief. *See Hicks v. State*, 289 Ark. 83, 709 S.W.2d 87 (1986). The argument has no merit.

■ The appellant also argues that trial counsel was lacking in his failure to challenge the constitutionality of the state's incest statute. *See* Ark. Code Ann. § 5-26-202 (1987). In particular, he argues that the statute violates his due process and equal protection rights because it affords prosecution against a natural daughter for incest but not against a stepdaughter. This specific argument, however, was not raised at the hearing or by Mobbs in his letter-petition. What was raised initially was an allegation that the prosecutor arbitrarily decided not to prosecute the stepdaughter for incest. That argument differs in substance from the constitutional claim now advanced on appeal. An appellant cannot change his argument on appeal. *See Parette v. State*, 301 Ark. 607, 786 S.W.2d 817 (1990). That is exactly what the appellant has done in this appeal, and we will not consider it.

■ · Finally, Mobbs argues that he was deprived of a fair and full hearing because the court truncated his case, rejected his arguments, and refused the testimony of two witnesses. These arguments have no merit. The circuit court received a proffered summary of the testimony of the two witnesses whom Mobbs wished to present and then the live testimony of one of those witnesses. Though somewhat vague, the appellant's argument appears to be that these witnesses would have shown that the

stepdaughter had engaged in contracts with other men for sex and was an accomplice, not a victim.

Counsel made the argument that the stepdaughter was an accomplice at trial. We find no error in the circuit court's decision.

## II. Direct Appeal

We similarly reject the appellant's arguments on direct appeal.

We first consider the appellant's challenge to the sufficiency of the evidence. He argues that the stepdaughter was an accomplice and that her testimony must, therefore, be corroborated. A victim of a crime is not an accomplice. Ark. Code Ann. § 5-2-404(a)(1) (1987); *see also Johnson* v. *State*, 288 Ark. 101, 702 S.W.2d 2 (1986). In 1986, we quoted with approval commentary to Ark. Stat. Ann. § 41-305 (Repl. 1977), now codified as Ark. Code Ann. § 5-2-404 (1987):

> (a)   It seems clear that the victim of a crime should not be held as an accomplice in its perpetration, though his conduct in a sense assists in the commission of the crime. . . . So, too, to hold the female an accomplice in a statutory rape on her person would be inconsistent with the legislative purpose to protect her against her own weakness in consenting, the very theory of the crime.

*Camp* v. *State*, 288 Ark. 269, 272, 704 S.W.2d 617, 619 (1986).

■   The appellant would have it that both stepfather and stepdaughter are culpable, since the stepdaughter was willing, and thus there was no victim. The General Assembly, though, has voiced its clear policy against incest by way of a criminal statute. We are not willing to go so far as to hold that in cases, such as the one before us, we have only perpetrators and accomplices and no victims. While a minor, the incest statute existed to protect the stepdaughter even assuming that she was a willing participant which we do not concede. We hold that the stepdaughter was a victim and that corroboration of her testimony was not required.

The stepdaughter testified to oral sex or sexual intercourse on a daily basis during the eighteen months charged in the indictment. This is sufficient to sustain a conviction on the six

counts charged. The photographs serve only to bolster the state's case, but, again, corroboration is not required. The fact that some of the photographs may depict conduct that preceded the time period charged in the information is, therefore, not fatal to the appellee's case.

Mobbs next asserts error in the court's denial of his motion to suppress the photographs found by Mrs. Mobbs in the tackle box and delivered to the authorities. He questions specifically the initial search warrant issued and executed by the police on January 2, 1989, and the questioning of his stepdaughter which preceded the warrant's issuance.

This argument misses the mark. The questioning of the stepdaughter and the search warrant did not result in seizure of the photographs. Mrs. Mobbs's subsequent discovery five days later did. We have held that the exclusionary rule does not apply to private individuals. *See Winters* v. *State*, 301 Ark. 127, 782 S.W.2d 566 (1990). Moreover, as in *Winters*, we cannot say that this specific search was directed by Sheriff Isaac or was a joint endeavor with him, even though five days before he had asked Mrs. Mobbs to notify him if any materials depicting sexual conduct were found. Admittedly, the initial questioning and search warrant may have been a catalyst for the ultimate discovery. But the sheriff's request to Mrs. Mobbs was casual and was not a mandate, and because of this, it was not sufficient to establish a connection between Mrs. Mobbs's find and official action. *See Houston* v. *State*, 299 Ark. 7, 771 S.W.2d 16 (1989); *Winters* v. *State, supra.*

Mobbs, lastly, points to the admission into evidence of two photographs depicting a nude female torso bound with rope. The stepdaughter's face is not clearly identified. The stepdaughter first told Sgt. Malcomb on January 2, 1989, that she did not recall being tied by rope. At trial, she did not deny that the incident had occurred but testified that she did not recall *when* it happened. Sheriff Isaac stated at trial that he took the photographs of part of a videotape, which showed the stepdaughter being bound with a large cord or nylon rope. The combined testimony of the sheriff and the stepdaughter was sufficient to authenticate the two exhibits and to prove that the photographs were what the prosecutor claimed them to be. That is all our rule

requires. See Ark. R. Evid. 901.

Affirmed.