Gregory Wayne NAIL *v.* STATE of Arkansas

CR 94-11                                          869 S.W.2d 705

Supreme Court of Arkansas
Opinion delivered January 31, 1994

No response.

*Winston Bryant*, Att'y Gen., by: *Pamela Rumpz*, Asst. Att'y Gen., for appellee.

PER CURIAM. The State moves that Gregory Wayne Nail be permitted to file a belated appeal. The catalyst for the State's motion is a Judgment from United States District Judge Henry Woods directing the trial court to appoint counsel for Nail and further directing the Arkansas Supreme Court to permit Nail to pursue the belated appeal since the delay in appealing was caused by ineffective counsel.

We first observe that the District Court has no authority to order or direct the trial court or the Arkansas Supreme Court to take any action relative to this matter. That point has been made clear. *See Gibson* v. *Jackson*, 578 F.2d 1045 (5th Cir. 1978); *Wallace* v. *Havener*, 552 F.2d 721 (6th Cir. 1977), *cert. denied* 434 U.S. 940 (1977); *Dixon* v. *Beto*, 472 F.2d 598 (5th Cir. 1973),

*cited with approval, Grigsby* v. *Mabry*, 637 F.2d 525 (8th Cir. 1980); *Beckham* v. *State*, 397 So.2d 449 (Fla. Dist. Ct. App. 1981).

Indeed, when a District Court ordered a state court to hold an evidentiary hearing following a habeas corpus proceeding, the Fifth Circuit Court of Appeals made this comment in a footnote:

> After our initial remand, the District Court "ordered" the state court to hold an evidentiary hearing. In a noble gesture of judicial statesmanship, Chief Judge Ben C. Willis of the Circuit Court of Leon County, Florida, accommodated the federal Judge's desires and held a hearing—although it is clear that he did not have to do so.

*Hoskins* v. *Wainwright*, 485 F.2d 1186, 1188 fn.3 (5th Cir. 1973).

■ We write this per curiam to highlight the error in the District Court's judgment. The appropriate avenue for federal relief is to grant a petition for habeas corpus, not to order or direct the state courts to take some action. We choose to grant the State's motion because the motion has merit under *Osbourne* v. *State*, 276 Ark. 479, 637 S.W.2d 535 (1982).

Motion granted.