James KIRBY *v.* STATE of Arkansas

CR 98-1442                                        999 S.W.2d 180

Supreme Court of Arkansas
Opinion delivered September 9, 1999

*James O. Clawson,* for appellant.

No response.

P ER CURIAM. By per curiam dated June 24, 1999, we remanded this case to the trial court to determine whether appellant James Kirby's trial counsel, James O. Clawson, had been given notice of a February 8, 1999 hearing held to determine if Mr. Clawson should be held in contempt for failing to file a timely appeal on behalf of Mr. Kirby. On remand, the trial court held a hearing on the notice issue. Upon determining that Mr. Clawson did not have notice of the earlier February 8 hearing, the trial court properly inquired of Mr. Clawson concerning his obligation, if any, in filing Kirby's appeal. On this issue, the trial court entered the following findings:

1. That subsequent to his conviction in this case on May 13, 1997, James Kirby requested on at least three separate occasions that his trial counsel, James O. Clawson, appeal this conviction.

2. No appeal was filed by James O. Clawson.

3. No motion to be relieved was filed by James O. Clawson.

In reviewing the trial court's record and findings, we note Mr. Clawson conceded he was never relieved from representing Mr. Kirby, nor did he file an appeal. Mr. Clawson averred that he filed a motion for reconsideration which he believed "basically" amounted to an appeal. While Mr. Clawson denied being requested to file an appeal, the trial court obviously disagreed, finding Mr. Kirby had requested on three occasions that an appeal be filed. We conclude that the trial court's findings are not clearly erroneous.

This court has held that if a convicted defendant wishes to appeal, his counsel must either file a notice of appeal or obtain permission from the court to withdraw as counsel. *Lewis v. State*, 279 Ark. 143, 649 S.W.2d 188 (1983); *see also* Ark. R. App. P.—Crim. 16. Based upon the full record before this court and its per curiams, we hold Mr. Clawson in contempt and direct that he pay a fine in the amount of $250.00. This matter is also referred to the Professional Conduct Committee. In addition, Mr. Kirby's motion for belated appeal, granted on May 20, 1999, is acknowledged, and Mr. Kirby's new counsel is directed to file a brief thirty days from the date of this per curiam.