CHARLES T. BERNARD, INDIVIDUALLY, AND AS
CHAIRMAN OF THE ARKANSAS REPUBLICAN PARTY *v.*
MAX HOWELL ET AL

73-136                                         496 S.W. 2d 362

## Opinion delivered July 2, 1973

*Bob Scott,* for appellant.

*Leon B. Catlett, R. A. Eilbott* and *Larry D. Douglas,* for appellees.

## PER CURIAM

## IN RE: RULE ON CLERK DENIED

This involves a petition filed by the attorney for Charles T. Bernard, et al. for a rule on the clerk directing him to accept, file and docket, a record on appeal to this court.

The petitioner, Charles T. Bernard, individually and as chairman of the Arkansas Republican Party filed a class action in the Pulaski County Chancery Court challenging as unconstitutional, the manner in which the members of the Arkansas Senate of the 69th General Assembly divided their terms by lot under Section 6 of Amendment 23 to the Constitution of Arkansas.

The petitioner filed notice of appeal to this court from an adverse decree of the chancellor and he tendered the transcript of record to the clerk of this court on the 91st day after the notice of appeal was filed. The clerk of this court refused to accept and file the record because

it was not tendered within 90 days as required by Ark. Stat. Ann. § 27-2127.1 (Supp. 1971) which reads as follows:

"The record on appeal shall be filed with the appellate court and the appeal there docketed within 90 days from the date of filing the notice of appeal; except that, the trial court may prescribe the time for filing and docketing, which in no event shall be less than 90 days from the date of filing the first notice of appeal. In all cases where there has been designated for inclusion any evidence or proceeding at the trial or hearing which was stenographically reported, the trial court, after finding that a reporter's transcript of such evidence or proceeding has been ordered by the appellant, in its discretion and with or without motion or notice, may extend the time for filing the record on appeal and docketing the appeal, if its order for extension is made before the expiration of the period for filing and docketing as originally prescribed or extended by a previous order; but the trial court shall not extend the time to a date more than seven (7) months from the date of the entry of the judgment or decree."

The petitioner readily admits that the record was tendered to the clerk of this court on the 91st day after the notice of appeal was filed, and that the clerk was correct in refusing to accept the record and docket the appeal. The petitioner argues, however, that this court should exercise its inherent discretion in ordering the clerk to accept the record and docket the appeal because of unavoidable casualty, exceptional circumstances or lack of prejudice to the adversaries.

The petitioner states no "unavoidable casualty" at all. He admits that he obtained the transcript of the record on April 25, 1973, but it was not tendered to the clerk of this court until June 6, 1973. No request was made to the trial court or to this court for extension of time for filing the record on appeal. The only "exceptional circumstances" the petitioner asserts in justification of the delay, are his statement that he was busily engaged in important criminal litigation in the state of Kentucky

requiring his presence in that state much of the time during April and May; that he had employed a new secretary who had no legal experience, and who was not familiar with the office routine or his cases, and that his two associates in the practice of law had disassociated themselves from his practice. The petitioner does not state why he did not file the record in this court on the date he received it or make timely request for extension of time for doing so. The petitioner states, what we consider his primary reason for the delay, in paragraph 6 of his petition as follows:

> "At the time of acquiring this transcript on the 25th day of April, 1973, counsel noted the date of filing the Notice of Appeal and calculated that the transcript would need to be lodged no later than June 6th, 1973. At the time, counsel laid this transcript aside anticipating a call to return to Bowling Green, Kentucky and intending to file the transcript upon return from the Kentucky trial, which at that time was expected to be completed by May 10th or 15th. Shortly after receipt of the transcript, counsel received a call to return to Bowling Green and continued thereafter in the active daily participation in the defense of the criminal conspiracy case."

This court has been very liberal in accepting late appeals in criminal cases, but we have held that § 27-2127.1, *supra*, does not apply to criminal cases. *Philyaw* v. *State*, 224 Ark. 859, 277 S.W. 2d 484. But in civil cases we have refused to exercise our inherent powers in accepting late appeals "except in a most extraordinary situation." *West* v. *Smith*, 224 Ark. 651, 278 S.W. 2d 126.

The petitioner cites the *Smith* case, *supra*, in support of our inherent power to grant his peition but we went much further than recognizing our inherent power in the *Smith* case. In *Smith* we said:

> "Since the question here presented arises under Act No. 555 of 1953 [Ark. Stat. Ann. § 27-2127.1] *we are delivering this opinion as a precedent for future cases*. (Our present emphasis).

Then, as a precedent for future cases, in *Smith,* we said:

"It is not to be doubted that under our inherent constitutional power, this Court could, in a most exceptional case, allow a record to be filed after the time fixed. However, the fact that we have the power does not mean that it should be exercised except in a most extraordinary case. Here, there is no such: the parties let the time expire for filing the record and also let the time expire in which to ask the Trial Court to grant an extension. There was no flood, death, riot, act of God, or other great unavoidable casualty that prevented either the filing of the record within time or timely request to the Trial Court to grant extension. This Court has possessed the same inherent power ever since Statehood; but in a long line of cases we have refused to exercise that inherent power to allow an appellant to present the evidence when it was filed too late. Some such cases are: *Chandler* v. *State,* 205 Ark. 74, 167 S.W. 2d 142; *Johnson* v. *U.S. Gypsum Co.,* 217 Ark. 264, 229 S.W. 2d 671; *Criner* v. *Criner,* 217 Ark. 722, 233 S.W. 2d 393; and *Prescott, Ark. Tel. Corp.* v. *McFarland,* 217 Ark. 731, 233 S.W. 2d 70. We see no reason for departing, in the case at bar, from the rule established in our adjudications.

\* \* \*

The prevailing litigant in any case is entitled to know when the judgment becomes final. If the Trial Court has fixed a time for the filing of the record on appeal and that time has expired then the prevailing litigant should be allowed to presume that the judgment is final in the absence of great unavoidable casualty. If four days after the time has expired the Trial Court can then grant a further extension, then three months after the time has expired the Trial Court can grant an extension; and no judgment would ever be final until seven months from the date of rendition in the Trial Court. That was not the purpose of the law: and in the interest of finality this Court should not exercise its inherent powers except in a most extraordinary situation."

Very recently, in the unreported cases of *Mary Frances Jaynes* v. *David J. Potter* and *T. J. Horton, et ux.* v. *Maurine Flynn,* we denied petitions for rule on the clerk where better reasons were stated therefor, than in the case now before us. In *Jaynes* the petitioner had been permitted to represent herself in the Miller County Circuit Court; she miscalculated the appeal time and submitted her transcript of record to the clerk of this court three days late. We denied her petition for a rule on the clerk. In *Horton* the transcript was not completed until the close of business at noon on Saturday in the Searcy County Clerk's office. A holiday intervened on the following Monday and the transcript was not picked up by the attorney until Tuesday. It was tendered to the clerk of this court the following day which fell on the 91st day after the notice of appeal was filed. Due to press of business the time for appeal was also miscalculated in that case but we denied the motion for rule on the clerk.

We find no reason to make an exception in the case now before us, so the petition for rule on the clerk in this case is denied.

HOLT, J., disqualified.