Alfred D. HARKNESS *v.* STATE of Arkansas

CR 78-107                                    572 S.W. 2d 835

Opinion delivered November 13, 1978

*Frank C. Elcan, II,* for appellant.

*Bill Clinton,* Atty. Gen., for appellee.

CONLEY BYRD, Justice. This is a motion by petitioner Alfred D. Harkness for a rule on the Clerk to file a record tendered two days late — *i.e.* on the 92nd day. Attached to the motion is the affidavit of Frank C. Elcan II, the Deputy Public Defender for Crittenden County from which it appears that he, as attorney for Petitioner, had inadvertently miscalculated the 90 day limit for filing appeals in this Court. The authorities *Blanchard* v. *Brewer,* 429 F. 2d 89 (8th Cir. 1970), hold that the denial of an appeal for such causes amounts to a denial of a constitutional right, on the theory

that such a miscalculation, although honestly made, amounts to ineffective assistance of counsel.

The State has not controverted the affidavit of Frank C. Elcan II. Consequently, we must accept the assertions in the affidavit as true for purpose of hearing this motion.

Since to deny the Motion for a Rule on the Clerk would furnish grounds for Petitioner to obtain a new trial in a post-conviction proceeding, we as a pragmatical matter must grant the motion to docket the record as a belated appeal.

Rule granted.

HICKMAN, J., dissents.

DARRELL HICKMAN, Justice, dissenting. I respectfully disagree with the majority. I would deny the motion and let the matter proceed in another manner.

First I should point out that we have denied such motions where a defendant was represented by a retained attorney; at the same time we have in the past granted the motion where counsel was appointed. I have failed, and still fail, to see the distinction. I do not believe that due process of law can make such a distinction. I hope and trust the majority will in the future not make such a distinction.

Even so, we should not pre-judge that counsel in this case was ineffective — a kind word for negligent. That may not be the case.

All lawyers are expected to know how to, and be able to, perfect an appeal. In civil cases we have rigidly adhered to our rule that "ineffectiveness" is no excuse for failing to perfect an appeal. *Bernard* v. *Howell*, 254 Ark. 828, 496 S.W. 2d 362 (1973).

I would agree that a criminal defendant should not be denied an appeal for the same reason because obviously the results can be terribly unjust and the remedy against ineffective counsel would, in most bases, be unsatisfactory. In other

words, in a civil case counsel can be sued for money damages for negligence. It would not do a criminal defendant, incarcerated in the penitentiary for several years, much good to know that he could sue his lawyer for damages. Denial of freedom is not something that can be measured in dollars and cents.

A decision of ineffectiveness of counsel should be made by a trial court at a hearing with proper notice. Such a hearing would place the responsibility where it should lie, at the feet of counsel — whether hired or appointed. I would concede that such a procedure would require that we change our rules to permit an appeal if the trial court finds such ineffectiveness prevented a defendant from appealing. That would be a simple matter, amending Rules of Crim. Proc., Rule 37 (1976).

Such a procedure would permit the matter to be heard in an orderly and evenly fashion. Here we are presuming negligence without first giving counsel a hearing.

There is the additional matter that being counsel, whether retained or appointed, carries with it serious responsibilities that must be borne. How to perfect an appeal is something that all lawyers should know and be able to do, and those who do not, or cannot do so, because of ineffectiveness, should rightfully bear the blame and any extra expense.

There is the additional factor of what we will do when a record is tendered thirty or ninety days late. I suppose we will permit the appeal. We have made a rule, and it is a good one, that all trial records must be tendered to the clerk within ninety days after judgment. We are simply ignoring that rule. I might accept the majority's decision with more grace if we would simply repeal the rule. If we are not going to enforce a rule, then we owe it to the bench, the bar and the public to repeal it.