Ardia V. McCREE *v.* STATE of Arkansas

CR 78-227

Motion for Rule on Clerk granted February 5, 1979.

PER CRUIAM. Motion for Rule on Clerk to lodge transcript is granted.

JOHN A. FOGLEMAN, Justice, concurs.

DARRELL HICKMAN, Justice, dissents.

JOHN A. FOGLEMAN, Justice, concurring. I join in the granting of this motion solely because appellant has been sentenced to life imprisonment without parole.

I am authorized to state that the Chief Justice joins in this opinion.

DARRELL HICKMAN, Justice, dissenting. The majority granted a rule on the clerk in this case. We routinely review numerous motions weekly and ordinarily grant or deny them without issuing a written opinion. Usually it is a case of clearly being a matter of merit or no merit.

I feel compelled in this case to voice a dissent consistent with my position in the case of *Harkness* v. *State*, 264 Ark. 561, 572 S.W. 2d 835 (1978). In that case the majority permitted the record to be filed, which was tendered late, and in my opinion was not subject to being lodged because it was a violation of Rules of Crim Proc., Rule 36.9 (Repl. 1977).

That rule reads:

... The Supreme Court may act upon and decide a case in which the notice of appeal was not given or the transcript of the trial record was not filed in the time prescribed, when a good reason for the omission is shown by affidavit. ...

The majority in the *Harkness* case alluded to the fact that allegations had been made in the motion which were not denied by the state. By implication, I suppose, the majority was saying that our rule had not been violated because a "good reason" was given for failing to lodge the record. I stated my objections, emphasizing mainly that our rule was a good and proper rule and that rather than circumvent it, if necessary, it should be amended.

The decision in this case clearly flies in the face of Rule 36.9. The motion for the rule on the clerk filed by the retained attorney for this criminal defendant recites:

That due to the length of the trial record and the heavy case load of the court reporter, an extension of time to lodge was not filed.

This is not a reason which could be considered good cause for failing to file a transcript on time. There is no explanation whatsoever why counsel did not seek an extension

of time in order to have the record prepared.

Presumably the majority acts as it does because this case involves a sentence of life without parole. Such action is admirable but still ignores and evades the problem. Notice of appeal was filed June 12, 1978. The record was tendered November 7, 1978, 58 days late. According to our rule such a record cannot be lodged.

There should be a means of accountability of counsel who fail to comply with our rules. I might add that an attorney has an obligation to his client to comply with our rules because a timely appeal no doubt inures to the benefit of the criminal defendant anxiously awaiting the outcome of the appeal.

At least we owe it to the bar to repeal the rule because obviously we are not going to enforce it.