## Ricky D. LONG *v.* STATE of Arkansas

660 S.W.2d 911

Supreme Court of Arkansas
Opinion delivered October 31, 1983

Appellant, *pro se.*

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Deputy Atty. Gen., for appellee.

PER CURIAM. Appellant Ricky D. Long states in his pro se motion for belated appeal that he was found guilty on June 8, 1983 of theft of property and of aggravated robbery on July 1, 1983. He alleges that he believed that his trial attorney John Kearney had filed a notice of appeal in the two cases, but he learned on July 12 by way of a letter from Kearney to him that Mr. Kearney had decided not to appeal. Mr. Kearney has filed an affidavit in response to appellant's motion in which he concedes that appellant contacted him about an appeal but he neither pursued the appeal nor sought to be relieved as counsel as required by the rules of appellate procedure.

An appeal in a criminal case will be accepted where to do otherwise would be a denial of the constitutional right to

effective assistance of counsel. *Moore* v. *State,* 267 Ark. 548, 592 S.W.2d 450 (1980). Here, appellant timely informed his attorney that he wished to appeal. Counsel therefore was obligated to continue to represent appellant in an appeal unless permitted by the trial court or this Court to withdraw. A.R.Cr.P. Rule 36.26. Since counsel has conceded that he did not appeal the convictions or obtain permission to withdraw, appellant is entitled to a belated appeal. Mr. Kearney is hereby ordered to pursue the appeal of appellant's two convictions. A copy of this opinion shall be forwarded to the Committee on Professional Conduct. See In Re: Belated Appeals in Criminal Cases, 265 Ark. 964 (1979).

Motion granted.