Roger Stephen SHUFFIELD *v.* STATE of Arkansas

CR 87-19                                   729 S.W.2d 11

Supreme Court of Arkansas
Opinion delivered May 11, 1987

*Wilson, Engstrom, Corum & Dudley*, by: *Wm. R. Wilson, Jr.*, and *Timothy O. Dudley*, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven, III*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. After being convicted of aggravated robbery and kidnapping on June 19, 1984 Roger Steven Shuffield replaced his appointed counsel, Mr. Paul K. Lancaster, with retained counsel, Mr. Ron Heller. Notice of appeal was filed and on February 4, 1985 Heller tendered the record to the clerk of this court for filing. Since more than seven months had expired the clerk properly refused to file the record. See Arkansas Rules of Appellate Procedure Rule 5.

Nothing material occurred thereafter until September 12, 1985 when Heller filed a Rule 37 petition in the trial court alleging ineffective assistance of trial counsel. On October 21 a hearing was held during which Heller represented to the trial court that he had filed a motion for a rule on the clerk of the Supreme Court. On that representation the trial court set an appeal bond and Shuffield was released pending the appeal.

Some eight months later the state moved for a revocation of Shuffield's appeal bond alleging that no motion for a rule on the clerk had been filed. At a hearing on revocation Heller conceded that he had never filed a motion for a rule on the clerk. Shuffield's bond was revoked and Heller was found to be in contempt of court and fined $50.

At this point Shuffield retained new counsel and on August

20, 1986 a second Rule 37 petition was filed charging ineffective assistance by Ron Heller in the handling of Shuffield's appeal. The motion was denied on October 20 and this appeal followed. Shuffield also filed in this court a motion for a belated appeal on March 27, 1987.

■■ Neither the motion for a belated appeal nor the Rule 37 petition are cognizable. The filing of a motion for belated appeal is limited to eighteen months from the date of commitment. A.R.Cr.P. Rule 36.9. This record does not give us the exact date of the commitment but since Shuffield was not released on an appeal bond until the October 21, 1985 hearing he was doubtless committed following his conviction. Nor may Rule 37 be used to revive an appeal that is out of time. In *Lomax* v. *State*, 285 Ark. 440, 688 S.W.2d 283 (1985) we addressed this issue squarely:

> [Lomax] was committed in February, 1982, and therefore could have filed a motion for belated appeal in this court at any time between that date and August, 1983, which was eighteen months after date of commitment. Rule 36.9. He did not file such a motion. Instead, [Lomax] raised the question of whether counsel was ineffective for failure to appeal in his Rule 37 petition, filed April 11, 1984. *Rule 37, however, is not a means of by-passing a motion for belated appeal. If it were construed to be so, an appellant could simply ignore the rule limiting the time for filing a motion for belated appeal in favor of filing a Rule 37 petition which may be filed at any time up to three years from the date of commitment.* See Rule 37.2(c). (Our italics).

It is clear that Shuffield sought to appeal his conviction and that he retained counsel in timely fashion to process the appeal. Through no fault of his own the appeal was permitted to lapse by the failure of Mr. Heller to tender the record within the seven months allowed for lodging the record on appeal. *Gibson* v. *State*, 272 Ark. 345, 614 S.W.2d 234 (1981).

■ There is, however, a solution available to remedy these omissions, i.e. a motion for a rule on the clerk under Rule 5, Rules of the Supreme Court and Court of Appeals, based on an admission by counsel that the failure to lodge the record after the notice of appeal was filed was due to his own neglect. That

procedure has been established and frequently followed since *Harkness* v. *State*, 264 Ark. 561, 572 S.W.2d 835 (1978), and In Re: Belated Appeals in Criminal Cases, *Per Curiam*, February 5, 1979, 265 Ark. 964. Where counsel assumes responsibility the motion for a rule on the clerk is granted routinely. Where counsel fails to accept responsibility, but it is plain from the record where the fault lies, we have granted the rule on the clerk upon a finding that counsel's neglect was the occasion for the failure to tender the record in a timely manner. In both instances the Committee on Professional Conduct is informed of the occurrence.

In this case it is evident that the failure to bring a timely appeal was the fault of Attorney Ron Heller. Under these circumstances the motion for belated appeal is treated as a motion for a rule on the clerk to lodge the record on appeal. The motion is granted and a copy of this opinion is referred to the Supreme Court Committee on Professional Conduct.

Motion granted.