Victor Wayne BOGAN *v.* STATE of Arkansas

CR 87-110                                          738 S.W.2d 94

Supreme Court of Arkansas
Opinion delivered October 26, 1987

*Sandra T. Berry* of *Grant & Berry*, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven III*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The present appeal is from the trial court's order denying appellant's motion for a belated appeal. The only matter for consideration on appeal is whether the trial court erred in denying the appellant the right to a belated appeal. After reviewing the entire record and the briefs we are of the opinion that the trial court did not commit prejudicial error.

On November 12, 1985, the appellant was tried by a jury and convicted of two counts of delivery of a controlled substance. He was sentenced to twenty years on each count to be served concurrently. The appellant was represented at the trial by an attorney whom he had employed. After the trial the appellant was informed by the court that he had a right to appeal. His attorney informed him that he did not think there had been reversible error in the trial proceedings and therefore would not recommend an appeal. No written notice of appeal was ever filed, nor did counsel seek permission to withdraw.

After a hearing on the motion the trial court made findings of fact and conclusions of law which were the basis for denial of appellant's post-conviction motion. Among the trial court's findings of fact were that the defendant was not indigent at the time of the trial; that he retained private counsel for the trial as well as the evidentiary hearing on the motion for belated appeal; that both the court and the appellant's attorney advised him of his right to appeal the conviction and judgment on the merits; that the attorney representing appellant at the trial was very experienced; that the trial attorney also met with the appellant's wife after the trial and told her that the appellant would have to notify

him if he wanted to appeal and that he would be required to pay the costs of the appeal, including costs of the transcript of the record; that the attorney was not paid any additional fee for an appeal; and that the appellant was represented at the post-conviction hearing by employed counsel. Therefore, the court found that the appellant had been informed of his right to appeal, both by the court and counsel, and that defendant chose not to appeal. The motion was denied and this appeal resulted.

There is no statute, rule or regulation which requires a convicted person to appeal a verdict. In fact it is the duty of the person convicted to notify the attorney and/or the court if he desires an appeal. *Henderson* v. *State*, 217 Ark. 107, 643 S.W.2d 107 (1982). If counsel is made aware that his client desires to appeal from the judgment of the trial court, the attorney must either give notice of appeal or seek permission to withdraw. The duty of trial counsel is set forth in A.R.Cr.P. Rule 36.26 as follows:

> Trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal to the Arkansas Supreme Court, unless permitted by the trial court or the Arkansas Supreme Court to withdraw in the interest of justice or for other sufficient cause.

When an appellant timely informs his attorney that he desires to appeal, the attorney is obligated to continue representation, unless permitted to withdraw by the proper court. *Long* v. *State*, 280 Ark. 508, 660 S.W.2d 911 (1983). We have held counsel to be ineffective when the appellant filed the notice of appeal pro se and the attorney of record did not follow through on the appeal. *Gay* v. *State*, 288 Ark. 589, 707 S.W.2d 320 (1986).

We had a somewhat factually and legally similar case before us in *Houston* v. *State*, 263 Ark. 607, 566 S.W.2d 403 (1978). In *Houston* the appellant was notified of his right to appeal by his attorney who also sent papers for appeal purposes to Houston which he failed to return. Under the circumstances of that case we held that counsel was not ineffective and the appellant was not entitled to a belated appeal. In the case of *Lewis* v. *State*, 279 Ark. 143, 649 S.W.2d 188 (1983), we discussed the matter of post-conviction responsibility between the accused and his attorney. In

*Lewis* there had been a discussion between the attorney and his client concerning an appeal. The attorney stated that he told Lewis that it would cost $1000.00 or more to perfect the appeal. Counsel took no further action. In granting the motion for belated appeal, we stated:

> It is apparent from the attorney's affidavit in this case that he neither withdrew from the case in accordance with Rule 36.26 nor took any action to see that his client understood that an indigent could ask the trial court to appoint an attorney to perfect an appeal at public expense. Since counsel knew that his client wanted to appeal, he was obligated to file a notice of appeal or obtain permission from the trial court to withdraw. To do nothing amounted to a denial of effective assistance of counsel. *Finnie* v. *State*, 265 Ark. 941, 582 S.W.2d 19 (1979). If petitioner could not afford the cost of appeal, a motion for permission to proceed as an indigent should have been filed in the trial court. An attorney cannot abandon a convicted defendant merely because his appeal must be pursued at public expense. An attorney who wishes to withdraw from a case must obtain permission from the trial court to withdraw by means of a petition to withdraw containing a statement of reasons for withdrawing.

The foregoing procedure applies whether counsel is retained or appointed and must be followed when the defendant indicates he desires to appeal.

In the present case the trial court determined at the hearing on the motion that counsel was never notified that the appellant desired to follow through with an appeal. The court further found that the appellant was not indigent and therefore had made no showing that he was entitled to an appeal at public expense. Under the circumstances of this case there was no obligation on the part of counsel to comply with the provisions of Supreme Court Rule 11(h) or A.R.Cr.P. Rule 36.26.

The findings of the trial court on a post-judgment motion will not be disturbed unless clearly against the preponderance of the evidence. *Huff* v. *State*, 289 Ark. 404, 711 S.W.2d 801 (1986). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence

374

is left with a definite and firm conviction that a mistake has been committed. See *United States* v. *United States Gypsum Co.*, 333 U.S. 364. We cannot say that the findings of the trial court on this post-conviction motion were clearly against the preponderance of the evidence. Therefore, the judgment of the trial court is affirmed.

Affirmed.