Kelly HUGGINS *v.* STATE of Arkansas

RC 91-3                                                803 S.W.2d 544

Supreme Court of Arkansas
Opinion delivered February 11, 1991

*Christopher Carter*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

PER CURIAM. The petitioner was convicted on May 30, 1990, of theft of property and sentenced to five years in the Arkansas Department of Correction. He conducted his trial *pro se* and filed a timely notice of appeal *pro se* on June 29, 1990, albeit to the wrong court. His notice is directed to the Circuit Court of Marion County. He designated the entire record for appeal.

Upon filing his notice of appeal, the petitioner asked the court to appoint counsel for the appeal and to declare him indigent. The court did appoint counsel but effectively denied his request for indigency status by ordering the petitioner to pay for the transcript of his appeal. Thereafter, the petitioner's counsel filed a motion for a new trial on July 9, 1990, and a hearing was set for August 24, 1990, which hearing the petitioner failed to attend. According to his counsel, this failure was due to an arrest in Florida.

On August 22, 1990, counsel filed a motion to extend the time for filing the transcript, and the trial court granted the extension until November 23, 1990. However, on October 1, 1990, which was prior to the transcript deadline, counsel moved to withdraw as attorney for the petitioner based on the unavailability of the petitioner and the petitioner's request that he withdraw. That original motion to withdraw apparently was never submitted to this court for action, and counsel is still attorney of record for the petitioner. Petitioner's counsel did file a second motion to withdraw on January 22, 1991, and that motion is pending before this court.

The petitioner failed to file his transcript on November 23, 1990, or, more precisely, the circuit clerk of Marion County failed to file it with this court, because she had not been paid by him. However, the petitioner's transcript has now been tendered to this court, and the petitioner's counsel filed a Motion for Rule on the Clerk on January 5, 1991, and further asked this court to find the petitioner to be indigent. Counsel states in the motion that the petitioner is now incarcerated in the Arkansas Depart-

ment of Correction and has failed to respond to counsel on whether he wishes to continue his appeal or not. Apparently the petitioner does want to continue his appeal because he subsequently paid the cost of the transcript and the transcript was tendered to the clerk of this court on January 7, 1991.

■ We deny the motion. Though, admittedly, the communication between the petitioner and his counsel was strained, there is no doubt that the petitioner was under circuit court order denying his indigency status and requiring that he file the transcript. Counsel wanted to withdraw his representation, and the petitioner concurred. But until leave to withdraw was granted, counsel had an obligation to either 1) assure the transcript was filed on time or 2) obtain another extension of time to file the transcript. Neither of these actions apparently was taken.

■ Another avenue open to counsel was to have the appropriate court act on his motion to withdraw. Pursuant to Ark. Sup. Ct. R. 11(h):

> Any motion by counsel for a defendant in a criminal case for permission to withdraw made after notice of appeal has been given shall be addressed to this Court [Arkansas Supreme Court] and is to contain a statement of the reason for the request, and shall be served upon the defendant appealing. . . .

Under this rule, the petitioner's counsel should have addressed his original request for withdrawal to this court, not the circuit court.

■ This court has held that we will grant a motion for rule on the clerk when the attorney admits that the record was not timely filed due to an error on his part. *See Shuffield* v. *State*, 292 Ark. 185, 729 S.W.2d 11 (1987). Here, the attorney falls short of admitting error or neglect, but rather suggests that if this court finds counsel negligent, the Rule on the Clerk should be granted. We have held that a statement that it was someone else's fault will not suffice. *Clark* v. *State*, 289 Ark. 382, 711 S.W.2d 162 (1986). Therefore, the petitioner's motion must fail.

If the petitioner's attorney files a motion and affidavit in this case accepting full responsibility for not filing the transcript on time, then the motion will be granted and a copy of the opinion

507-A

will be forwarded to the Committee on Professional Conduct.

Petitioner's request for indigency status is denied for failure to comply with Ark. Sup. Ct. R. 28.

Counsel's motion to withdraw which was filed in the court of appeals on January 22, 1991, is denied at this time, subject to further review by this court should negligence of counsel be admitted.

Justices HOLT, GLAZE, and CORBIN would grant the Motion for Rule on the Clerk.

## SUPPLEMENTAL OPINION ON DENIAL OF RECONSIDERATION
### MARCH 18, 1991

*Appellant*, pro se.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

PER CURIAM. The respondent/appellee Attorney General files a motion to reconsider denial of a motion for rule on the clerk. The Attorney General is concerned that petitioner/appellant Kelly Huggins will still be able to prosecute a direct appeal, if his attorney is to blame for failure to lodge the transcript in timely fashion. If the fault, however, lies with Huggins, according to the Attorney General, then Huggins will not be permitted a direct appeal which is what the Attorney General favors.

We said in our original per curiam opinion, where we denied Huggins' motion for a rule on the clerk, that Huggins' actions evidenced a desire to appeal: "Apparently the petitioner does want to continue his appeal because he subsequently paid the cost of the transcript and the transcript was tendered to the clerk of this court on January 7, 1991." The Attorney General disputes this factual conclusion and attaches an affidavit to its motion that the Marion County Circuit Clerk had not been paid the cost of the transcript in the amount of $60.00.

■ In reviewing the court reporter's transcript, we find that there is a typed notation with a dollar amount which the court reporter completed: "$269.10 cost paid by appellant." This certificate was completed by the court reporter on October 10, 1990. The clerk's affidavit relates to the clerk's cost which is distinguishable from the cost of transcribing the record itself. Again, paying for the cost of transcribing the record evidences the fact that Huggins wanted to appeal.

We remain of the opinion that counsel for Huggins should have either extended time for filing the transcript one more time, or filed the transcript in timely fashion, or obtained leave from this court to withdraw as Huggins' counsel prior to the time that the transcript was due. It appears from the information before us that none of these avenues was pursued by counsel.

The motion to reconsider is, therefore, denied.