508

Rodney McDUFFIE *v.* STATE of Arkansas

RC 90-52                                          803 S.W.2d 543

Supreme Court of Arkansas
Opinion delivered February 11, 1991

*John Wesley Hall, Jr.*, by: *Craig Lambert*, for appellant.

*Ron Fields*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. Appellant has asked us to enter an order granting him permission to file a belated appeal. We remanded the cause to the trial court for an evidentiary hearing. The trial court conducted a hearing as to whether the appellant waived his right of appeal and, if not, which counsel was responsible to proceed with the appeal.

■ Appellant's conviction judgment had been entered on May 25, 1990. He had been represented by Mr. Christopher Mercer, who apparently also represented him on some other pending charges. After his conviction, appellant contacted the John Wesley Hall, Jr. Law Firm to represent him on appeal. At the conclusion of the trial court's hearing on remand, the court concluded the Hall Law Firm had been paid to represent appellant in this appeal prior to the time appellant's notice of appeal was due to be filed. Because the Hall Law Firm had been duly and timely paid to handle the appeal, the trial court ruled

that firm should have filed the notice of appeal.[1] We cannot say the findings of the trial court on this post-conviction motion were clearly against the preponderance of the evidence. *Bogan* v. *State*, 293 Ark. 370, 738 S.W.2d 94 (1987).

In view of the trial court's findings, appellant's motion for belated appeal will be granted upon appellant's counsel, the Hall Law Firm, submitting a motion and affidavit accepting full responsibility for not timely filing the notice of appeal in this case. *In Re: Belated Appeals in Criminal Cases*, 265 Ark. 964 (1965), and *Harkness* v. *State*, 264 Ark. 561, 572 S.W.2d 835 (1978).

---

[1] The trial court made reference to Mr. Mercer's continuing duty as trial counsel to file an appeal, if requested, but ultimately found the Hall Law Firm had been retained for appeal purposes. *See* A.R.Cr.P. Rule 36.26.