584

Joe A. BARKER and Leo E. Barker *v.* Albert E. BATES
and Shirley Bates

RC 90-68                                    803 S.W.2d 554

Supreme Court of Arkansas
Opinion delivered February 18, 1991.

*Westphal & Steenken,* by: *F. Lewis Steenken,* for appellant.

*Ralph C. Williams,* for appellee.

PER CURIAM. In this civil case, we denied the petitioners' motion for rule on the clerk to lodge the transcript because the attempt to lodge it with this Court was untimely. The petitioners ask that we reconsider our ruling, stating that we "routinely grant a rule on the clerk when counsel freely admits his negligence in tendering the record on appeal in . . . [an untimely] manner." The case cited in support of that statement is *Shuffield* v. *State,* 292 Ark. 185, 729 S.W.2d 11 (1987).

It is correct to say that we routinely grant such motions in criminal cases. The reason is as follows:

> The authorities, *Blanchard* v. *Brewer,* 429 F.2d 89 (8th Cir. 1970), hold that the denial of an appeal for such causes amounts to a denial of a constitutional right, on the theory that such a miscalculation, although honestly made, amounts to ineffective assistance of counsel.
> Since to deny the Motion for a Rule on the Clerk would furnish grounds for Petitioner to obtain a new trial in a post-conviction proceeding, we as a pragmatical matter must grant the motion to docket the record as a belated appeal.

*Harkness* v. *State,* 264 Ark. 561, 572 S.W.2d 835 (1978).

The "pragmatical" basis of the *Harkness* case rule does not apply in civil cases, so we do not grant such petitions except in criminal cases.

Petition denied.