Jerry SMITH *v.* STATE of Arkansas

CR 94-1128                                      889 S.W.2d 29

Supreme Court of Arkansas
Opinion delivered December 5, 1994

*J. G. Molleston*, substituted counsel for appellant.

No response.

PER CURIAM. Appellant Jerry Smith, by his attorney, J.G. Molleston, has moved for a rule on the clerk. He alleges that a judgment of conviction for DWI, first offense, was entered on September 16, 1993. He further alleges that he instructed his trial counsel, Robert Witterstaetter, to file notice of appeal, which counsel timely filed on October 12, 1993. Appellant also alleges that Mr. Witterstaetter did not lodge the record in this Court or ask to be relieved as attorney of record. Attorney Witterstaetter does not dispute the fact that he filed the notice of appeal but failed to lodge the record on appeal or withdraw as attorney on

appeal. Appellant asks that J.G. Molleston be substituted for Robert Witterstaetter in this appeal. We take this opportunity to reiterate that if Mr. Witterstaetter had not desired to represent the appellant in this appeal, for whatever reason, he was obliged to seek permission to withdraw. *Bogan* v. *State*, 293 Ark. 370, 738 S.W.2d 94 (1987). In any event, an attorney ethically or lawfully may not undertake an appeal and abandon that appeal merely because he or she is not paid. If the law were otherwise, this court would be confronted with continuing problems like the one illustrated here — appellants in the middle of an appeal and this court in search of the reasons why months and even years later. Once Mr. Witterstaetter filed appellant's appeal, he was obligated to represent the appellant throughout the appeal unless permitted by the trial court or the supreme court to withdraw. Mr. Witterstaetter never sought permission to withdraw, and compounded that error by failing to lodge the record in this court. Now, *over one year later*, Mr. J.G. Molleston requests he be entered as substituted counsel for Mr. Witterstaetter, so Molleston can file a transcript with this court's clerk and complete appellant's appeal.

Mr. Witterstaetter clearly failed to comply with this court's rules and precedent, and his name should be referred to the Professional Conduct Committee for appropriate sanctions. Otherwise, Mr. Molleston's motions to be substituted as named counsel and for rule on the clerk should be, and are hereby, granted.