Ronald R. DOUGAN *v.* STATE of Arkansas

CR 97-189                                    940 S.W.2d 478

Supreme Court of Arkansas
Opinion delivered March 17, 1997

*S. Kyle Hunter,* for appellant.

No response.

PER CURIAM. On March 8, 1996, Appellant Ronald R. Dougan was convicted of rape and sentenced by the St. Francis County Circuit Court to a term of forty years in the Arkansas Department of Correction. A judgment and commitment order was entered of record accordingly on March 18, 1996. On March 11, 1996, seven days before the judgment and commitment order was filed, Appellant filed a motion for new trial, which was denied by the circuit court on March 20, 1996.

Appellant was represented at trial by Timothy G. Tucker. Additionally, Mr. Tucker subsequently filed and argued Appellant's motion for new trial and also filed a notice of appeal on Appellant's behalf on April 18, 1996. It is apparent, however, that prior to his posttrial representation of Appellant, Mr. Tucker's license to practice law had been suspended.

The transcript in this matter was tendered to the Supreme Court Clerk on October 17, 1996, within the time allotted pursuant to Rule 5 of the Arkansas Rules of Appellate Procedure— Civil, but the notice of appeal was not timely filed from the entry of the judgment and commitment order. Because the motion for new trial was filed prior to entry of the judgment and commit-

ment order, this court's clerk does not recognize the motion for new trial for purposes of calculating the deadline for filing the notice of appeal.

Appellant has since retained new counsel, S. Kyle Hunter, and on February 20, 1997, Mr. Hunter filed a motion for belated appeal on the ground that the error in filing the notice of appeal was not Appellant's and that Appellant's previous counsel has refused to accept responsibility for the error.

■ Generally, where counsel assumes responsibility such motions are granted routinely. This court has stated in *Shuffield v. State*, 292 Ark. 185, 729 S.W.2d 11 (1987), that where counsel fails to accept responsibility, but it is plain from the record where the fault lies, we will grant the requested relief upon a finding that counsel's neglect was the occasion for the failure to tender the record in a timely manner. In this case it is evident that the failure to bring a timely appeal was the fault of Attorney Timothy G. Tucker. We therefore grant the motion for a belated appeal and direct that a copy of this order be sent to the Committee on Professional Conduct to be kept in its files for the Committee's information if any complaint of any kind should later be filed against Mr. Tucker. *See In Re: Belated Appeals in Criminal Cases*, 265 Ark. 964 (1979) (*per curiam*).

Granted.