Michael Jay VENIS *v.* STATE of Arkansas

CR 02-920                                              84 S.W.3d 867

Supreme Court of Arkansas
Opinion delivered September 19, 2002

*Jay Saxton*, Chief Public Defender, for appellant.

No response.

PER CURIAM. Appellant Michael Jay Venis, by and through the Benton County Public Defender's Office, has filed a motion for belated appeal from his convictions of manufacturing a controlled substance (methamphetamine) and possession of pseudoephedrine with intent to manufacture methamphetamine in the Benton County Circuit Court, Division I. The motion reflects that Appellant was represented at trial by privately retained counsel John Gross. The jury trial was held on

March 21, 2002. Following his convictions, Appellant retained attorney Eric Hagler for the purpose of pursuing a motion for new trial based on ineffective assistance of counsel. A hearing was held in the circuit court, after which the motion for new trial was denied. Thereafter, on April 30, 2002, the trial court sentenced Appellant to twenty-five years' imprisonment on the manufacturing charge and six years' imprisonment on the possession charge. The judgment and commitment order was filed on June 7, 2002.

In the meantime, the Benton County Public Defender was appointed to represent Appellant in another criminal matter in Division II of the Benton County Circuit Court. Through its representation of Appellant, the public defender's office had several discussions with Mr. Gross regarding his participation in Appellant's appeal from his convictions in Division I. According to the motion, Mr. Gross had never been relieved as attorney of record in the Division I case.

An affidavit filed by Chief Deputy Public Defender Kristin Pawlik reflects that she discussed the matter with Mr. Gross, verbally and through written correspondence. According to her affidavit, she spoke with Mr. Gross on May 9, 2002, prior to the date that the judgment was entered, and that he had assured her that he was monitoring Appellant's case and filings for the purpose of appeal and that, despite his concern that a conflict may have arisen between himself and Appellant during the hearing on the motion for new trial, he would take steps to ensure that the notice of appeal was filed. On July 31, 2002, Ms. Pawlik wrote a letter to Mr. Gross stating that Appellant's family had been in contact with her office about the status of his appeal. She informed him that she had reviewed the court's file and noticed that the judgment had been entered on June 7, 2002, but that no notice of appeal had yet been filed. On August 1, 2002, Ms. Pawlik spoke with Mr. Gross by telephone, during which conversation Mr. Gross informed her that he would file a motion to address the belated notice of appeal. Again, on August 2, Mr. Gross assured Ms. Pawlik that he would file a motion for belated appeal.

Chief Public Defender Jay Saxton also filed an affidavit regarding his communications with Mr. Gross. Specifically, Mr.

Saxton's affidavit reflects that on August 16, 2002, he spoke with Mr. Gross about Appellant's appeal. During that conversation, Mr. Gross stated that he had consulted with his malpractice insurer and two other (unknown) persons and had decided that he would not file a notice of appeal, nor would he take any further action on Appellant's behalf. Mr. Gross acknowledged his continuing responsibility and duty as attorney of record to file the notice of appeal for Appellant's case. Mr. Gross further acknowledged that it was his lack of due diligence that had resulted in no notice of appeal being timely filed in Appellant's case.

While acknowledging that his office is not the attorney of record, Mr. Saxton now moves this court for permission to file a belated appeal in Appellant's Division I criminal case. For over twenty years, this court has consistently granted motions for belated appeals brought on behalf of criminal defendants where the attorney admits that an error has been made and accepts responsibility for that error. *See, e.g., Ray v. State*, 348 Ark. 304, 73 S.W.3d 594 (2002) (*per curiam*); *Brown v. State*, 347 Ark. 362, 64 S.W.3d 274 (2002) (*per curiam*); *Ross v. State*, 346 Ark. 8, 53 S.W.3d 519 (2001) (*per curiam*); *In Re: Belated Appeals in Criminal Cases*, 265 Ark. 964 (1979) (*per curiam*); *Harkness v. State*, 264 Ark. 561, 572 S.W.2d 835 (1978).

In this case, however, we cannot grant the motion at this time, because the record before us does not demonstrate whether Mr. Gross has ever been relieved of his duties as attorney of record or whether the public defender's office has been appointed to represent Appellant's appeal from his Division I convictions. Accordingly, we must remand this matter to the trial court to determine whether Mr. Gross was relieved of his responsibility to represent Appellant in this matter, whether Appellant requested that Mr. Gross file a notice of appeal on his behalf, and whether the public defender's office has been appointed to represent Appellant in this appeal. We therefore grant the parties thirty days from the date of this *per curiam* order to settle these issues.

Remanded.