Duke E. ERVIN *v.* STATE of Arkansas

CR 03-278                                    102 S.W.3d 501

Supreme Court of Arkansas
Opinion delivered April 10, 2003

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

No response.

P ER CURIAM. Appellant Duke E. Ervin by and through his attorney, Clint Miller, has filed a motion for a belated appeal from his convictions of first-degree battery and being a felon in possession of a firearm. Appellant was convicted following a jury trial on September 30, 2002. The judgment and commitment order was entered on October 3, 2002. On December 3, 2002, Appellant filed an untimely *pro se* notice of appeal in the Pulaski County Circuit Court. On that same day, he also filed motions requesting permission to proceed *in forma pauperis* and requesting the appointment of counsel to pursue his appeal.

The trial court held a hearing on these motions on February 3, 2003. At that hearing, the trial court relieved John Purtle, who had represented Appellant at trial, from further representation of Appellant. The trial court further appointed the Sixth Judicial District Public Defender's Office as Appellant's counsel on appeal.

Appellant now seeks permission to file a belated appeal from this court. Attached to his petition is an affidavit from Mr. Purtle accepting complete responsibility for failing to timely file the notice of appeal. We find that such an error, admittedly made by an attorney for a criminal defendant, is good cause to grant the motion. *See Jacks v. State*, 344 Ark. 405, 39 S.W.3d 459 (2001) (*per curiam*); *Donald v. State*, 341 Ark. 803, 20 S.W.3d 331 (2000) (*per curiam*); *Harkness v. State*, 264 Ark. 561, 572 S.W.2d 835 (1978).

The motion for belated appeal is, therefore, granted. A copy of this opinion will be forwarded to the Committee on Professional Conduct. *See In Re: Belated Appeals In Criminal Cases*, 265 Ark. 964 (1979) (*per curiam*).

Appellant's appointed appellate counsel has also filed a motion requesting that this court appoint new counsel to represent Appellant. According to counsel, the public defender's office already has a

substantial caseload consisting of appeals of those persons it represented at the trial level. It further avers that it does not wish to become appellate counsel for those persons represented by retained counsel at trial who can no longer afford retained counsel on appeal. While we are mindful of the substantial caseload it bears, in the absence of any conflict of interest, this court will not relieve the public defender's office as Appellant's counsel on appeal.

The motion for appointment of counsel is, therefore, denied.