Terry Lynn KUELPER *v.* STATE of Arkansas

CR 03-1379                                           140 S.W.3d 464

Supreme Court of Arkansas
Opinion delivered January 8, 2004

*Larry R. Froelich* and *George D. Oleson*, for appellant.

No response.

PER CURIAM. Appellant Terry Lynn Kuelper has filed a motion for belated appeal from his convictions of two counts of rape in the Benton County Circuit Court. The motion reflects that Appellant was represented at trial by privately retained counsel John Gross and Dan Hash. The jury trial was held on June 24 through June 26, 2003. The judgment and commitment order was entered on July 22, 2003.

In his motion, Appellant states that immediately following his convictions, he informed his counsel that he wished to appeal. To support this statement, Appellant has attached two affidavits, one signed by him and one signed by his mother, Ruth Kuelper. Both affidavits reflect that immediately following the jury's verdict, Appellant informed his attorneys that he wished to appeal. Both affidavits also reflect that Mr. Gross acknowledged Appellant's desire to appeal in open court. Appellant has also attached to his motion a newspaper article, published the day after his convictions, in which Mr. Gross is reported as saying that the convictions would be appealed. Notwithstanding, neither Mr. Gross nor Mr. Hash has filed a notice of appeal on Appellant's behalf, which was due on or before August 21, 2003.

Appellant has since retained the services of attorney Larry R. Froelich, and he now seeks permission to file a belated appeal from his convictions. Pursuant to our holding in *Venis v. State*, 350 Ark. 110, 84 S.W.3d 867 (2002) (*per curiam*), we must deny the motion at this time, because the record before us does not demonstrate whether Mr. Gross and Mr. Hash have ever been relieved of their duties as attorneys of record. Accordingly, we remand this matter to the trial court to determine (1) whether Mr. Gross and Mr. Hash have been relieved of their responsibilities to represent Appellant in this matter, (2) whether Appellant actually requested his attorneys to file a notice of appeal on his behalf, and

(3) whether Mr. Froelich has entered an appearance on Appellant's behalf. We grant the parties thirty days from the date of this *per curiam* order to settle these issues.

Remanded.